Mary Roe, on Behalf of Jane Doe,* Respondent, v. John Doe,* Appellant.

First Department, March 16, 1971.

---

* Names used herein are fictitious for purposes of publication.

*Martin S. Rothman* of counsel (*Seligson, Rothman & Rothman,* attorneys), for appellant.

*Nina G. Goldstein* of counsel (*Stanley Buchsbaum* and *Larry K. Schwartzstein* with her on the brief; *J. Lee Rankin, Corporation Counsel*), for respondent.

KUPFERMAN, J.  We are dealing here with the case of two intransigent individuals, a father who is a member of the Bar of the State of New York with a good income, and a daughter who will reach her majority on October 20 of this year at which time the father's obligation will terminate.

The daughter was three years old when her mother died and her father has remarried several times.  Until May, 1970, the father supported the daughter, including schooling, supplying an allowance, expenditure for cosmetic nose surgery and giving her an automobile.

The daughter has been attending the University of Louisville in Kentucky where in her freshman year she was placed on academic probation due to poor grades.  She has managed recently to improve her academic standing (with a reduced credit work load) so that it is now adequate.

Her father wanted her to live in the school dormitory.  She deceived him into thinking that she resided there and instead moved in with her girl friend.  The daughter has experimented with drugs, but there is no addiction.

The father has demanded that the daughter return to New York City, live at home and attend school here.  She has refused. When he cut off her support, she sold the car and lived on the proceeds.

The Family Court (MIDONICK, J.) entered two orders, the one of August 21, 1970, being a temporary order of support, requiring the father to pay tuition of approximately $1,000 for the then current semester as to which the father would then soon be billed by the university. The father had agreed to pay this bill but has not done so. That order also required payment for reasonable medical, dental and eye charges, and psychiatric care.

In view of the father's consent to pay the university bill when received and his desire that she receive necessary health care, we affirm so much of that order as covers the university and health bills actually rendered prior to the date of the second order and, as so limited and modified, that order is affirmed. As to the order of November 30, 1970, which is incorporated in a lengthy and carefully considered opinion, we reverse and dismiss the petition.

This is not a matrimonial action. (See in general, chapter on "Child Support" in Law and the Family, New York, by Foster-Freed [vol. 2, 1966].) The father — in return for his maintenance and support — is entitled to set reasonable standards, rules and regulations for his child. (Haskell v. Haskell, 201 App. Div. 414 [1st Dept., 1922], affd. without opn. 236 N. Y. 635.) The court below misconceived its function. It is not to substitute its judgment for that of the father.

After determining that the daughter was meeting proper academic standards, co-operating with the psychiatrist, and living a life satisfactory to the court, the Judge ordered the father to pay the continuing cost thereof which he calculated to reach the amount of $5,750 up until the time of the daughter's 21st birthday on October 20 of this year. (This figure includes certain amounts covered by the prior temporary order which is herein modified.)

The court determined that even if the daughter lived in a college dormitory and spent holidays and vacation time in her father's home as demanded, that the father would still not comply with the court order unless and until this proceeding was withdrawn with prejudice.

There would have been no need for this proceeding if the daughter had not deceived her father as to her abode.

The court below committed the father to jail for 30 days for failure to comply with the court order of support under section 413 of the Family Court Act, unless he paid $250 a month support until the daughter reached 21, plus three semesters of school tuition, for September 1, 1970, February 1, 1971 and September 1, 1971. (We have upheld the September 1, 1970 tuition require-

ment as hereinbefore mentioned.) We stayed the commitment pending the appeal.

There is no substantial question about the fairness of the amounts, the ability of the father to pay or his continued refusal to pay.

The court does not set aside a determination of an administrative agency unless it is arbitrary and unreasonable. The father is entitled to at least the same standing. On this record, we cannot say that the father was capricious in his request. If the daughter chose not to comply, at her age, that may be her prerogative; but she cannot expect to have her cake and eat it too. The father not only has the right, but an obvious duty to guide and direct his child. If he feels that she should — when away from home — live in a college dormitory to protect her against the temptations that abound outside, or that she should live at home while attending school, on this record and in view of her past derelictions and his previous and continued support, we should not substitute our judgment for his.

The case of *Matter of Kotkin* v. *Kerner* (29 A D 2d 367 [1st Dept., 1968, 3:2]) which sustained the direction for the father to pay his share of the cost of the junior and senior years of his brilliant son's attendance at a private secondary school — to which the ex-wife and mother had sent him — rather than being helpful to the daughter's position, supports our decision here. There the mother's choice of school was upheld, and the father did not object to the school, only to the expense in view of his needs for his own new family.

The order entered August 21, 1970 should be modified, on the law and the facts and in the exercise of discretion, to the extent of providing that the father shall pay the university and health bills actually rendered prior to the order of November 30, 1970, and otherwise affirmed, without costs and without disbursements. The order entered November 30, 1970 should be reversed, on the law and the facts and in the exercise of discretion, and the order vacated, without costs and without disbursements.

It is further ordered that the record and file in this proceeding shall be sealed in all courts.

NUNEZ, J. (dissenting in part). I would affirm the order of August 21, 1970. It does no more than to require the father to do that which he would be obligated to do without the court's direction, i.e., to pay the reasonable charges for psychiatric, medical, dental and optician's services rendered to his minor daughter. The logic of the majority in modifying this order by eliminating these provisions completely escapes me.

166

MARKEWICH, J. P., STEUER and TILZER, JJ., concur with KUPFERMAN, J.; NUNEZ, J., dissents in part in an opinion.

Order, Family Court of the State of New York, New York County, entered on August 21, 1970, modified, on the law and the facts and in the exercise of discretion, to the extent of providing that the appellant father shall pay the university and health bills actually rendered prior to the order of November 30, 1970, and otherwise affirmed, without costs and without disbursements; and the order of said court, entered on November 30, 1970, reversed, on the law and the facts and in the exercise of discretion, without costs and without disbursements, and the order vacated. It is further ordered that the record and file in this proceeding shall be sealed in all courts.