■ JACQUELINE D. JAY, Respondent, v THOMAS G. S. CHRISTENSEN, Appellant.—Order, Family Court, New York County, entered March 14, 1978, which required the respondent-appellant father to continue to support

his son Andrew pursuant to the terms of an amended separation agreement until the son reaches the age of 21 or is sooner emancipated, unanimously reversed, without costs and without disbursements, on the law and the facts and in the exercise of discretion, and remanded for a hearing. Petitioner-respondent wife and the appellant entered into a separation agreement in 1969. It was amended in 1976 to increase the father's support payments to the mother for son Andrew from $300 to $350 a month, with the proviso that support payments be terminated if the son "fails to attend full time a four-year college". There was the further provision that if the child drops out, support payments will be suspended, but that upon resumption of education, payments shall be resumed. The son became a severe truant and did not attend college because of having fallen behind in high school due to excessive absences. The father then refused to make payments. His good faith is established by virtue of the fact that he has made the payments for his other son. Further, the requirement for attendance at college was a reasonable requirement. (See *Matter of Roe v Doe,* 29 NY2d 188, affg 36 AD2d 162.) The Family Court applied section 413 of the Family Court Act providing for support payments until the age of 21 and imposed the terms of the amended separation agreement for the amount of support payable to the mother. We find no objection to providing that any amount properly required to be paid should be paid to the mother. *(Blauner v Blauner,* 60 AD2d 215, 218.) However, the father's agreement with respect to the amount to be paid was clearly bottomed on college study. The father's requirement was a reasonable one under the circumstances. The condition not having been met,* a hearing should have been held in order to determine what, if any, support would be reasonable. If the son is not in school, it may very well be that he is self-supporting. *(Matter of Delli Veneri v Delli Veneri,* 40 AD2d 735.) The mother, also has an obligation for the support of the son. *(Matter of Boden v Boden,* 42 NY2d 210; *Stern v Stern,* 59 AD2d 857.) Concur—Kupferman, J. P., Birns, Silverman, Fein and Lane, JJ.

---

* We were informed at the oral argument that the son is presently attending college.