In the Matter of JANET DELLI VENERI, Appellant, v. ANDREW DELLI VENERI, Respondent.— Appeal from an order of the Family Court, Montgomery County, entered July 12, 1971, which modified a prior order by increasing the amount of support payments to be made by respondent for the care of his three children from $25 per week per child to $30 per week per child, and further ordered that respondent no longer be required to make payments of $10 per week per child into trust funds for said children. At a hearing before the Family Court it was established that respondent's take-home pay averages between $400 and $500 per week whereas appellant earns $81 per week net. She testified that her itemized expenses for the children's support approximated $89 per week. Section 413 of the Family Court Act provides that a father may be required to pay for the support of his children " a fair and reasonable sum according to his means ". This statute does not limit the father's duty of support to the minimum needs of the children. His station in life is also a factor to be considered, for it is a " settled proposition that the children are entitled to be supported in accordance with the *present* means of their father " (*Matter of Schwartz* v. *Schwartz,* 48 Misc 2d 859, 861). Indeed, the father's financial situation may by itself serve as the basis for determining the amount of support to be provided, for the courts of this State have repeatedly ruled that a substantial improvement in a father's financial condition is an independent ground sufficient to sustain an increase in the amount of support he is required to furnish his children. (*Matter of Handel* v. *Handel,* 32 A D 2d 946, affd. 26 N Y 2d 853; *Matter of Swerdloff* v. *Weintraub,* 26 A D 2d 826.) Moreover, the Family Court failed to make findings as to the cost of clothing for the children, which clearly is a proper element of support (Family Ct. Act, § 416), despite appellant's uncontradicted testimony that the clothing expense averages $20 weekly. The record further indicates that other findings by the court with regard to appellant's expenses were unduly low. Having given consideration to both the needs of the children and the financial standing of respondent we find that the amount of the support award must be increased to $45 per week per child, for a total of $135 per week, as of July 16, 1971, the effective date of the order. In refusing to order support for a fourth child, a 19-year-old son who is a member of the Navy and self-supporting, the Family Court did not err. That appellant voluntarily chooses to give this child financial support is not determinative of respondent's obligations. Order modified, on the law and the facts, so as to increase the amount of the award for each of the three unemancipated minor children to $45 per week, amounting in all to $135 per week, and, as so modified, affirmed, with costs to appellant. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.