OPINION OF THE COURT
John R. Tenney, J.
Plaintiff and defendant were divorced in 1977. The original decree incorporated a separation agreement which provided for monthly child support payments of $100 per month for each of the two children and alimony to the wife of $80 per month. A modification of the agreement and the decree in 1981 eliminated the alimony and increased child support to $47.50 per week per child. The new agreement, incorporated in the amended decree, required the husband to pay the reasonable medical expenses of the children.
The defendant wife now alleges that plaintiff is in arrears on support payments and payment of medical expenses for the children. Pursuant to the provisions of CPLR 5241 (b) and (d), her attorney issued an income execution on notice to the husband. The husband claims that there has been a "mistake of fact” as set forth under subdivision (e), and seeks to vacate the execution. He also seeks to modify the support provisions on the ground that one of the children is emancipated. The wife has cross-moved for an income deduction order (CPLR - 5242), a money judgment for arrears, and an award of counsel fees (Domestic Relations Law § 237).
Sections 5241 and 5242 were enacted to provide an expeditious method for enforcing support orders. Section 5241 provides, inter alia, that once the debtor is in default, the creditor is automatically entitled to an income execution without aid of the court. Default is defined as failure to make three full payments or a total arrears equal to one month’s payment. Once the mechanisms of section 5241 are started, the debtor cannot automatically prevent or vacate the execution merely by paying the arrears. The apparent assumption of section 5241 is that once a party meets the statutory definition of "default”, he or she is presumed sufficiently untrustworthy, thereby justifying a continuation of the execution even if the debtor is "current”.
Under subdivision (e) of the statute, a debtor may only seek relief from the execution if he can establish a "mistake of fact” which is defined in subdivision (a) (8) as "an error in the amount of current support or arrears”. Plaintiff contends that *83 there has been an error, and that the income execution is improper because he is not "a debtor in default”.
Defendant counters that plaintiff has defaulted in making five weekly payments of $95 for a total of $475; paying medical expenses of $585, and making unauthorized deductions of $20 each from the weekly support checks since September 23, 1985, totaling $340.
Plaintiff’s affidavits raise substantial questions with respect to each of these items. The $20 deductions were based on plaintiff’s misreading the impact of the 1981 modification. Prior to the modification, plaintiff was obligated to pay $280 per month — $200 for child support and $80 for alimony. Paragraph 9 in the separation agreement sets forth the alimony obligation and provides for its termination in the event of the defendant’s cohabitation with another man. Plaintiff alleges such cohabitation commenced in September 1985, which defendant does not deny. Thus, plaintiff began deducting $20 per week ($80 divided by 4) from the support checks for the children.
However, the 1981 modification eliminated paragraphs 8 and 9 from the agreement and substituted a weekly child support payment of $95. The $20 deductions were, therefore, improper. Although restitution has now been made, defendant contends that this error is sufficient to sustain an execution since this "mistake of fact” does not come within the statutory definition.
The court disagrees. Although mindful of the exemplary purposes of section 5241, it did not intend to eliminate the due process rights of an individual to correct an error or to explain the basis for a default. Unlike the situation presented in Werner v Werner (NYLJ, Feb. 24, 1986, p 1, col 3), relied on by defendant, there is no indication of a "resolve not to obey any support order of this court unless it meets with (plaintiff’s) approval”. There is no evidence that plaintiff has engaged in the type of "game playing” that section 5241 was designed to prevent.
Plaintiff also raises substantial issues concerning the unpaid medical expenses. (It appears that to date, the sum of $192 remains outstanding.) Plaintiff had requested either the original bills or substantiated proof of payment by defendant. This appears to be a good-faith position. Plaintiff demonstrates that on at least two prior occasions, bills and checks had been altered upward prior to their submission to plaintiff. Under *84 such circumstances, the request for confirmation of expenses is not unreasonable, whether or not the statutory definition of "mistake of fact” has been met.
The final item concerns the weekly support checks for the period January 27, 1986 to February 17, 1986. Plaintiff concedes that these were not paid. He states, however, that defendant was in the process of relocating to New York and did not inform him of her new address, thereby violating the terms of the agreement. Upon learning her new address from the execution served by defendant’s new attorney, he "made up” the arrearages.
While it may be stated that plaintiff should have made further investigation, or mailed the checks to defendant’s last known address in Florida, it also appears that defendant had not cashed the previous 18 checks sent by plaintiff. A subsequent bank statement revealed that 16 of those checks were finally cashed on January 29 and 30, 1986.
Plaintiff’s actions, while not specifically within the definition of "mistake of fact” set forth in the statute, do not justify a wage deduction order. This conclusion is bolstered by the lack of proof of any earlier problems over the previous nine years. Finally, defendant’s cross motion for relief under section 5242 brings into play the court’s discretion to review "any other matter the court considers relevant in determining the likelihood of payment in accordance with the order of support” (CPLR 5242 [b]). Thus, the motion to vacate the income execution is granted, and the cross motion pursuant to section 5242 is denied.
Two further matters have been raised. Plaintiff seeks a modification of the child support order on the ground that his oldest child is emancipated. Part-time employment as a waitress with a very limited income is not emancipation, and that request is denied.
Defendant also requests attorney’s fees of $800 for maintaining this proceeding. CPLR 5421 and 5242 do not address this issue, but the general authority to grant counsel fees and expenses is under Domestic Relations Law § 237. The standard set forth in section 237 is that fees may be awarded "as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties.” Defendant’s attorney has not submitted an affidavit of services. Furthermore, in view of the findings herein, this proceeding might have been avoided. Unnecessary court intervention *85 should be discouraged particularly in matrimonial actions. Nevertheless, the court will consider the application upon receipt of an affidavit of services from counsel. (See, e.g., Matter of Kelleman v Kelleman, 101 AD2d 668; Riportella v Riportella, 75 AD2d 503; Adrien v Adrien, 65 AD2d 931.)