OPINION OF THE COURT
Anthony F. Bonadio, J.
The creditor,[1] by her attorney, has filed written objections to *160 the Hearing Examiner’s order. Unlike most objections, filed against an order of support made in a support or paternity case, this objection relates to an order dismissing the debtor’s mistake of fact, filed in response to the creditor’s income execution for support enforcement (IXSE) and transferring the matter to Supreme Court (see, CPLR 5241; Family Ct Act § 439 [a]; NY Const, art VI, § 19 [e]).
The order is vacated and the matter remanded to the Hearing Examiner for further proceedings on the mistake of fact.
In concluding that this court lacks jurisdiction, the Hearing Examiner relied on an unreported decision of my colleague, the Honorable Charles L. Willis, who held that the clerk of this court lacks the authority to issue an IXSE under CPLR 5241 (b) where, as here, the creditor alleges that the debtor is in default on a Supreme Court decree or order of support. In so deciding, Judge Willis concluded — correctly, we believe— that only the "clerk of the court” that issued the support order may issue a CPLR 5241 income execution, since any mistake of fact asserted in opposition by the debtor must be determined by the issuing clerk (see, CPLR 105 [a], [e];[2] cf *161 CPLR 3215 [a]; 5222 [a]; 5230 [b]; Matter of Quinn v Werner, 96 AD2d 1079, appeal dismissed 61 NY2d 868; First Westchester Natl. Bank v Lewis, 42 Misc 2d 1007; Yeh v Seakan, 119 Misc 2d 681 [Lawton, J.]).
Since the case at bar involves not a clerk-issued but an attorney-issued IXSE, Judge Willis’ decision is inapposite. CPLR 5241 (e) provides, in part, that: "Where the income execution has been issued by an attorney as officer of the court, the debtor may assert a mistake of fact within fifteen days from service of a copy thereof by application to the supreme court or to the family court. If application is made to the family court, it shall be heard and determined in accordance with the provisions of section four hundred thirty-nine of the family court act, and a determination thereof shall be made, and the debtor notified thereof within forty-five days of the application.”
Moreover, CPLR 5241 (c) (4) requires that the income execution advise the debtor of the "manner in which a mistake of fact may be asserted,” and the IXSE issued here advises Kevin O’Brien that a mistake of fact "may be asserted as follows in the paragraph checked.” The paragraph checked sets out that portion of CPLR 5241 (e) just quoted herein.
While the Legislature may not have intended to grant to the debtor the option of filing a mistake of fact in opposition to an attorney-issued IXSE in either the Supreme Court or Family Court without regard to which court made the order, the procedure is not jurisdictionally defective. Family Court Act §§ 461 and 466 give this court jurisdiction to enforce or modify Supreme Court orders of support, and a mistake of fact filed in opposition to an attorney-issued IXSE is heard and determined by a Hearing Examiner or Judge, not, as in the case of an agency/ officer-issued IXSE, by the issuer (CPLR 5241 [e]; Family Ct Act § 439 [a]).

. As the pleadings and other papers in this case — including the official Family Court forms (see, Family Ct Act §214; 22 NYCRR 205.7 [a])— illustrate, captioning this matter and identifying the parties herein has proved no easy task. Jeanne O’Brien was the plaintiff in the divorce action and she is correctly "called the Creditor” in her income execution (the preprinted form suggests that the parties also be identified as "Plaintiff, *160 Defendant, Petitioner or Respondent”); the mistake of fact (official form 4-8b) is entitled "Jeanne O’Brien, Petitioner!Creditor v. Kevin O’Brien, Respondent/Debtor” (emphasis added), notwithstanding the fact that the form is denominated a "Petition (Debtor-To Correct Income Execution for Support Enforcement)” (emphasis added) and is verified by Kevin M. O’Brien, debtor (that is, although Kevin signed the petition and is the party bringing the matter before the court, the caption refers to him as the respondent). The order signed by the Hearing Examiner is entitled "Jeanne O’Brien, Creditor-Respondent vs. Kevin M. O’Brien, Debtor-Petitioner” (compare, mistake of fact; Shutt v Shutt, 133 Mise 2d 81 [ex-wife as defendant creditor]).
We take this opportunity to make several observations. First, while the income execution itself must contain "the caption of the order of support” (CPLR 5241 [c]), the mistake of fact and other papers should refer primarily to the "debtor” and "creditor”. Second, it is unclear why Kevin’s mistake of fact is labeled anything but that; while CPLR 5241 makes reference to "applications” in the context of determining a mistake of fact, there is no reference to a "petition” (compare, 3A McKinney’s Forms, CPLR §§ 8:298E, 8:298F [1986 Cum Ann Pocket Part] [notice of motion and affidavit]). Finally, a mistake of fact is not an application by a debtor to merely "Correct [an] Income Execution for Support Enforcement” (official form 4-8b). It is an objection to the income execution, not an application to correct it (CPLR 5241 [a] [8]; [e]; compare, CPLR 5242 [a] [upon application of creditor, court may "correct” any defect, irregularity, etc., in a CPLR 5241 income execution]).

. CPLR 105 (a), (e) provides that "Unless the context requires otherwise,” clerk means "the clerk of the court in which the action is triable.”