OPINION OF THE COURT
Edward J. McLaughlin, J.
When the child support provisions of a separation agreement, incorporated but not merged in a decree of divorce, are subject to arbitration, the Supreme Court in effect retains exclusive jurisdiction over the matter, since the Family Court has no jurisdiction over a proceeding concerning an arbitrable controversy. The Supreme Court may not refer to a court of limited jurisdiction any matter over which it does not have express statutory authority.
An objection to an order of the Hearing Examiner was filed with the court on December 20, 1986 by the original petitioner pursuant to section 439 of the Family Court Act. Petitioner objects to an order of the Hearing Examiner filed with the court on December 20, 1986 by the original petitioner pursu *632 ant to section 439 of the Family Court Act. Petitioner objects to an order of the Hearing Examiner filed with the court on December 2, 1986. No response was received from respondent within the eight days allowed by statute. (Family Ct Act § 439 [e].)
Petitioner argues that the Hearing Examiner erred in dismissing her petition because the child support provisions of a separation agreement incorporated but not merged in a decree of divorce contained an arbitration provision. The entire separation agreement was incorporated in the decree of divorce; not specific provisions of the agreement. (Cf., Cohn v Cohn, 100 AD2d 528, 530 [2d Dept 1984].) The language in question in the agreement is as follows:
"(c) Either party may apply for modification of child support, with the first of said applications being made on or after June 1, 1981, and no more frequently than once per year thereafter pursuant to the following procedure:
"(i) Either party seeking the modification of child support shall made [sic] such application to the other party in writing. If the parties are unable to agree on an appropriate modification within one week following said written application, then the party seeking the modification may file a demand for arbitration with the American Arbitration Assocaition [sic]”.
In his decision and order the Hearing Examiner also commented on some language in the agreement that had been crossed out. The crossed-out provision said: "This remedy shall be in addition to any other the parties may have.” The Hearing Examiner in his decision stated: "While the rule is clear that a party cannot be compelled to forego the right to seek judicial relief and submit to arbitration unless the agreement to arbitrate expressly and unequivocably encompasses the subject matter of the dispute (Bowmer, supra), it is quite apparent that the parties to this proceeding have clearly agreed to arbitrate the issue of child support modification, and that they have specified that arbitration is the exclusive remedy.” He then dismissed the petition by which petitioner sought an upward modification of child support.
Petitioner cites the court to the New York Court of Appeals case, Bowmer v Bowmer (50 NY2d 288 [1980]). In that case the court held: "that a separation agreement’s broadly worded arbitration clause, which additionally draws attention to matters specifically made arbitrable elsewhere in the agreement, does not confer authority upon the arbitrator to pass on the *633 husband’s claim that changed circumstances warranted a downward modification of the agreement’s support provisions” (supra, at 292). Here, the arbitration of child support obligations was expressly considered in the separation agreement. The language of the arbitration provision, however, was permissive.
Petitioner also cites the court to the case of Egol v Egol (68 NY2d 895 [1986]). In that case the Court of Appeals held that whether a particular dispute is the proper subject matter for arbitration is a question for the arbitrator when a specific arbitration clause appears in the separation agreement.
When a provision is made for support for a child in a decree of divorce the Supreme Court may refer matters of enforcement and modification to the Family Court. (Family Ct Act § 466 [a].) Or, the Supreme Court order may provide that the child support provisions of the decree may be enforced or modified only in the Supreme Court. (Family Ct Act § 466 [b].) If the Supreme Court does not expressly refer future matters to the Family Court or retain jurisdiction unto itself, then the Family Court may entertain an application to modify the decree on the ground that there has been a subsequent change in circumstances and that modification is required. (Family Ct Act § 466 [c] [ii].)
Where, as here, the child support provision of a separation agreement that is incorporated but not merged into a decree of divorce contains an arbitration provision, the Family Court is deprived of all jurisdiction. The effect of such a provision is the same as a provision retaining jurisdiction in the Supreme Court. This is so because the Family Court is a court of limited jurisdiction. (Matter of Thomson, 79 AD2d 880 [4th Dept 1980].) It may only act within its specified statutory authority. (Matter of Borkowski v Borkowski, 38 AD2d 752 [2d Dept 1972].) It has no jurisdiction over special proceedings in connection with arbitrable controversies. (CPLR art 75.) Additionally, the Family Court is unable to modify a decree that cannot be modified by the court that made the decree. (Cf., Wilder v Wilder, 93 Misc 2d 247 [Sup Ct, Trial Term, Suffolk County 1978].) And, of course, the Family Court has no jurisdiction to enforce a separation agreement as such. (Mele v Tinelli, 93 AD2d 979 [4th Dept 1983].) Since an arbitration provision in a separation agreement incorporated but not merged in a decree deprives the Supreme Court of jurisdiction over an arbitrable controversy, the Family Court has no authority at all to consider the matter.
*634 An arbitration clause concerning child support in a separation agreement incorporated but not merged in a decree of divorce creates a problem of public policy. It has long been the law that the Family Court has continuing jurisdiction over orders of child support. (Family Ct Act § 451.) Not only may such orders be modified upon a showing of a change of circumstances (Family Ct Act § 466 [c] [ii]), child support provisions of a decree of divorce may be modified upon a showing that the child’s needs are not being met and it is in the best interest of the child to receive additional support from an absent parent. (Matter of Brescia v Fitts, 56 NY2d 132 [1982]; Matter of Michaels v Michaels, 56 NY2d 924 [1982].) Further, should circumstances require that the custodial parent seek public assistance, an arbitration clause concerning the child support provision would limit the right to support which must be assigned to the Commissioner of Social Services. (Social Services Law § 348 [2].) Rather than coming into court as an assignee of the custodial parent, the Commissioner would be compelled to initiate a proceeding under article 5-A of the Family Court Act, since he is authorized to bring a proceeding in Family Court to recoup moneys expended for aid to dependent children. Thus, a person forced on to public assistance could end up with two child support orders. (Family Ct Act § 571 [3] [a].) Since access to the Family Court for a modification of the child support provisions of a decree has no financial cost to a petitioner, while arbitration is a private transaction with costs, the scenario outlined whereby a custodial parent becomes a recipient of aid to dependent children because he is unable to modify the child support provisions of a decree is not an unlikely possibility.
The Constitution of the State of New York requires the Family Court to transfer to the Supreme Court any proceeding not transferred to it by the Supreme Court over which the Family Court has no jurisdiction. (NY Const, art VI, § 19 [e].) Accordingly, the objection to the order of the Hearing Examiner is granted in part. (Family Ct Act § 439 [e] [ii].) The order of the Hearing Examiner dismissing the petition filed on September 12, 1986 is vacated. The proceeding is hereby transferred to the Supreme Court, Onondaga County, since the Family Court has no jurisdiction to determine if a controversy is arbitrable or to order arbitration prior to a hearing before the court. Petitioner should not be denied an opportu *635 nity to seek adequate support for her children merely because the wording of her separation agreement and decree of divorce deny her access to any court, Supreme Court refusing her application because of a referral of future matters to Family Court and Family Court dismissing her petition having no authority to compel arbitration.