OPINION OF THE COURT
Daniel F. Luciano, J.
This is a CPLR article 78 proceeding commenced by two orders to show cause (the second because time to serve the respondent Jill Goodman pursuant to the first order to show cause had expired prior to service). The relief sought by the *324 petitioner is to have the court direct the respondent, Suffolk County Support Collection Unit, to withdraw or vacate an income execution and direct it to give credit to the petitioner, Alan Goodman, for moneys paid directly to the respondent, Jill Goodman, for the period from January 10, 1987 to April 11, 1987.
The undisputed facts are that the respondent, Jill Goodman, is the petitioner in a Family Court proceeding for support pursuant to article 4 of the Family Court Act. The current petitioner, Alan Goodman, is the respondent therein.
Pursuant to an order of Honorable Howard Berler of the Suffolk County Family Court dated August 8, 1986 the current petitioner, Alan Goodman, was directed to make child support and maintenance payments in the total amount of $190 per week to the current respondent, Jill Goodman.
Thereafter, with the consent of both parties in the Family Court proceeding, an order dated January 15, 1987 was issued by Judge Berler which directed that the payments to be made by the current petitioner, Alan Goodman, for child support and maintenance be made to the "Child Support Enforcement Bureau for the petitioner, jill Goodman”.
According to the current petitioner, Alan Goodman, a copy of the January 15, 1987 Family Court order was not served upon him personally but was served upon his attorney. He states that although his attorney forwarded a copy of the order to him in January 1987, for reasons unexplained he did not become aware that the order had been signed until April 1987.
It is undisputed that from January 10, 1987 through April 11, 1987 the petitioner, Alan Goodman, made weekly payments of $190 to the respondent, Jill Goodman. (The respondent, Jill Goodman, has not answered the petition and, thus, does not deny receipt of such payments.) Subsequently, proper payments have been continued to the respondent Suffolk County Support Collection Unit.
When payments were not received by the respondent, Suffolk County Support Collection Unit, after the January 15, 1987 Family Court order, the respondent, Suffolk County Support Collection Unit, presumably concluding that the petitioner, Alan Goodman, was in default in making required payments, issued an income execution. (See, CPLR 5241 [b].)
Although the petitioner, Alan Goodman, has informed the *325 respondent, Suffolk County Support Collection Unit, that all payments which were to be made on behalf of the respondent, Jill Goodman, have been made, and notwithstanding that the respondent, Suffolk County Support Collection Unit, does not dispute that the "non-payments” which prompted the income execution were in fact made, albeit directly to the beneficiary of the January 15, 1987 order and not to the agency which was to collect and turn over such payments, the respondent, Suffolk County Support Collection Unit, has refused to withdraw the income execution as having been issued upon a "mistake of fact”.
CPLR 5241 (a) (8) defines "mistake of fact” as "any error in the amount of current support or arrears or in the identity of the debtor or that the order of support does not exist of has been vacated.” In this court’s view that definition is not stretched beyond reason, nor beyond its purpose, to define the situation which prompted the instant income execution as a mistake of fact. It simply is not disputed that with respect to the party who was ultimately to receive the child support and maintenance payments, the respondent, Jill Goodman, the petitioner, Alan Goodman, was not in arrears. Moreover, there is nothing before the court to suggest that his error in forwarding payments directly to the respondent, Jill Goodman, rather than to the respondent, Suffolk County Support Collection Unit, was made in other than good faith.
Accordingly, the court concludes that the petitioner, Alan Goodman, is entitled to a judgment vacating the income execution as having been issued upon a mistake of fact on the ground that the refusal of the respondent, Suffolk County Support Collection Unit, to voluntarily withdraw its income execution is arbitrary and capricious.
Notwithstanding any form of relief which may have been available to the petitioner, Alan Goodman, in the Family Court, this court concludes that this article 78 proceeding has been properly brought here and that the petitioner is thereupon entitled to the relief sought. Although Laws of 1987 (ch 815, § 9) indicates that such an application shall be made pursuant to CPLR article 4 (Special Proceedings) an article 78 proceeding is but one form of a special proceeding. (See, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7804:l, at 504.) No party has been prejudiced by the instant procedure.