OPINION OF THE COURT
Elrich A. Eastman, J.
Respondent has filed objections to the Hearing Examiner order of March 15, 1988 upon the following grounds:
1. The order is erroneous as a matter of law and
2. the order is contrary to the weight of the evidence.
The order of March 15, 1988 provides, "arrears fixed at $2,100. Judgment to the Department of Social Services”.
Respondent contends that the Hearing Examiner in failing not to vacate arrears that accrued while respondent was unemployed erred in utilizing the standard for "child support” arrears set forth in Family Court Act § 451. Respondent contends that any moneys owed the Department of Social Services (DSS) are not "child support” arrears but rather "reimbursement” for moneys spent from the public purse.
*88 Indeed, the provisions of Family Court Act § 451 are applicable here. (Family Ct Act § 548.) Family Court Act § 451 prohibits the reduction or annulment of arrears accrued for failure to pay child support. However, "other arrears” may be reduced or annulled if good cause is shown.
Family Court Act § 451 provides that, "[t]he court * * * may modify, set aside or vacate any order issued in the course of the proceeding, provided, however, that the modification, set aside or vacatur shall not reduce or annul child support arrears accrued prior to the making of an application pursuant to this section. The court shall not reduce or annul any other arrears unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing payment prior to the accrual of the arrears, in which case the facts and circumstances constituting such good cause shall be set forth in a written memorandum of decision.”
Clearly, the classification of arrears is critical to a determination of whether such arrears can be reduced or vacated.
The Commissioner of Social Services as parens patriae has an independent right to commence proceedings to establish paternity of the child and to compel support.
Family Court Act § 522 provides: "Proceedings to establish the paternity of the child and to compel support under this article may be commenced by * * * a public welfare official of the county, city or town”.
This independent right of action also extends to support proceedings under article 4 of the Family Court Act. Family Court Act § 422 (a) provides, "A social services official may originate a proceeding under this article if so authorized by section one hundred and two of the social services law.”
Social Services Law § 102 provides,
"A public welfare official responsible * * * for the administration of the public assistance * * * granted or applied for is empowered to bring proceedings * * *
"1. [T]o compel any person liable by law for support to contribute to the support of any person cared for at public expense”.
Additionally, the Commissioner has a derivative right to initiate such support proceedings based on a mother’s assignment of her rights to the Commissioner to proceed against the putative father. (Family Ct Act § 571 [1].)
Family Court Act § 571 (1) states: "where a social services *89 official has accepted * * * an assignment of support rights from a person * * * receiving aid to dependent children * * * the social services official * * * is authorized to bring a proceeding or proceedings in the family court pursuant to article four of this act to enforce such support rights”.
Pursuant to Family Court Act §§ 422, 522, 571 (1) the Commissioner would be compelling support for the child on public assistance.
The fact that a child is receiving public assistance does not alter the nature of the respondent’s "child support” obligation. "The Legislature has imposed a statutory duty upon parents to support their children who are welfare recipients in order to save the general public the cost of supporting them”. (Matter of Henry v Boyd, 99 AD2d 382, 387; Family Ct Act § 517.)
Moreover, the basis for a respondent’s financial obligation is his statutory duty to support his children.
Family Court Act § 545 provides, "In a proceeding in which the court has made an order of filiation, the court shall direct the parent or parents possessed of sufficient means * * * to pay weekly or at other fixed periods * * * for such child’s support and education, until child is twenty-one.”
Finally, "other” arrears have been construed to mean "spousal support” only. (Besharov, Supp Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, 1988 Pocket Part, Family Ct Act § 451, at 63.)
Clearly, payments made to DSS pursuant to Family Court Act § 571 are in the nature of "child support” payments and any subsequent defaults in payments are "child support” arrears. To hold otherwise is contrary to the mandate of Family Court Act §§ 522, 545, 571.
Therefore, the Hearing Examiner did not err in applying the standard for "child support” arrears set forth in Family Court Act § 451. Accordingly, the objections are denied.