■ RICHARD ZUCKERMAN, Respondent, v PHYLLIS ZUCKERMAN, Appellant.—In a proceeding pursuant to CPLR 5241 to correct an income execution for support enforcement, Phyllis Zuckerman appeals from an order of the Family Court, Westchester County (Barone, J.), dated November 29, 1988, which denied her objections to an order of the same court (Miklitsch, H.E.), dated October 25, 1988, which (a) denied her motion to dismiss the petition of the father, (b) ordered that support payments for one of the children be terminated due to his emancipation, and (c) vacated the income execution for support enforcement.

Ordered that the order is affirmed, without costs or disbursements.

Richard Zuckerman and the appellant Phyllis Zuckerman were married on December 15, 1968. On December 29, 1984, the parties entered into a written stipulation under which the father undertook to pay child support for each of the two children of the marriage until such time as each child attained 21 years of age, died, married, or became emancipated.

By judgment dated March 19, 1985 the parties were divorced. The stipulation was not merged in the divorce judgment, but survived and was incorporated in the divorce judgment. The twelfth decretal paragraph of the judgment provided, in pertinent part, that "the [Supreme] Court retains jurisdiction of the matter, concurrently with the Family

Court, for the purpose of specifically enforcing such provisions of that Stipulation as are capable of specific enforcement".

On June 29, 1988, the parties' 17-year-old son Neal entered the United States Military Academy at West Point (hereinafter West Point) as a cadet member of the class of 1992. He had the consent of both parents. The father paid child support for Neal through June 1988 and then terminated the payments on the ground that Neal became emancipated when he entered West Point. However, the father continued to pay to the mother maintenance and child support for the other child.

On August 5, 1988, the mother's attorney, as an officer of the court pursuant to CPLR 5241, served the father with an income execution for support enforcement (hereinafter income execution), alleging that the father had failed to pay child support for Neal for the month of July 1988. By petition filed on August 16, 1988, the father, alleging "mistake of fact" as provided for under CPLR 5241 (e), sought relief in the Family Court correcting the income execution. The father served the mother's attorney with a copy of the petition on August 29, 1988, but he never served a copy of the petition on the mother. The mother then moved to dismiss the petition, asserting that no mistake of fact existed.

The Hearing Examiner denied the mother's motion to dismiss the petition, concluding that Neal's entry into West Point constituted emancipation. The Hearing Examiner terminated the father's obligation to pay child support for Neal, and vacated the income execution.

We find that the Family Court properly denied the mother's objections to the Hearing Examiner's ruling.

The mother argues that because the petition was served on her attorney and not on her individually, the father failed to comply with CPLR 5241 (e). We disagree. CPLR 5241 (e) provides that an application to "correct" an income execution shall be by petition on notice to the creditor. This is clearly a due process requirement to ensure that the notice which is given is reasonably calculated, under all the circumstances, to apprise the creditor (here, the mother) of the pendency of the petition and to afford the creditor an opportunity to contest the alleged "mistake of fact" (see, Mullane v Central Hanover Trust Co., 339 US 306). At bar, the income execution was served on the father by the mother's attorney. Serving the petition on her attorney was proper and complied with the due process underpinnings of CPLR 5241 (e).

The mother's contention that the petition was not timely is

also without merit. CPLR 5241 (e) provides, in pertinent part, that where the income execution has been issued by an attorney as officer of the court, "the debtor may assert a mistake of fact within fifteen days from service of a copy thereof by application * * * to the family court". The father in this case was served with the income execution on August 5, 1988. He filed his application with the Family Court on August 16, 1988, well within the 15-day allowable time period. Although the mother's attorney was not served until August 29, 1988, the mother was not prejudiced by the brief delay in service.

We also find that the parties' son became emancipated when he entered West Point. "Emancipation has been defined as the renunciation of legal duties by a parent and the surrender of parental rights to a child" (Gittleman v Gittleman, 81 AD2d 632, 633; see also, Matter of Bates v Bates, 62 Misc 2d 498). Emancipation may be effectuated by the express consent of the parent, or it may be implied from the surrounding circumstances that indicate satisfactorily the intention to emancipate the child (Crosby v Crosby, 230 App Div 651; see also, 46 NY Jur 2d, Domestic Relations, §§ 443-447). In the instant case, it is clear that the parties' minor son became emancipated upon entering West Point (see, Matter of Veneri v Veneri, 40 AD2d 735; Matter of Fauser v Fauser, 50 Misc 2d 601). He is considered a member of the Regular Army (see, 10 USC § 3075 [b] [2]), and subject to extensive governmental control, which is inconsistent with a parent's control and support of a child. Furthermore, he attends West Point tuition free and is provided with room, board, health care, and monthly pay of $504.30, plus other allowances. Thus, he is self-supporting and financially independent of his parents. That his mother chooses to visit him almost every weekend, send him food packages, and pay for his subscription to periodicals, is not determinative of the father's obligations (see, Matter of Veneri v Veneri, supra).

We find also that the father proved the existence · of a "mistake of fact" in the income execution. The CPLR provides that a "mistake of fact" means "any error in the amount of current support or arrears or in the identity of the debtor or that the order of support does not exist or has been vacated" (CPLR 5241 [a] [8]). However, that restrictive definition is not rigidly applied to preclude relief in circumstances where the debtor is innocent of any wrongdoing within the over-all contemplation of the statute (see, Cramer v Cramer, 140 AD2d 990; Matter of Goodman v County of Suffolk, 138 Misc 2d 323;

*Shutt v Shutt,* 133 Misc 2d 81; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1990 Pocket Part, CPLR 5241). In fact, it has been held that a mistake of fact is not an application by a debtor to merely "correct" an income execution, but is, rather, an objection to the income execution itself *(see, Matter of O'Brien v O'Brien,* 134 Misc 2d 159). At bar, the emancipation of the minor son terminated the father's obligation to pay child support and to that extent it was improper to issue the income execution *(see, Cramer v Cramer, supra; Shutt v Shutt, supra).*

Finally, we hold that the Family Court had jurisdiction to terminate support for the emancipated son, and to vacate the income execution. The judgment of divorce provided that the Supreme Court and the Family Court were to retain concurrent jurisdiction to enforce those provisions of the stipulation which were capable of specific enforcement, but was silent as to the issue of modification. Family Court Act § 466 (c) (ii) provides that where the Supreme Court is silent on the issue, the Family Court may entertain an application to modify a divorce judgment on the ground that there has been a subsequent change in circumstances and that modification is required *(see, Matter of Leontitsis v Leontitsis,* 128 AD2d 535; *Matter of Tighe-Duck v Duck,* 135 Misc 2d 631). The Family Court properly entertained the application, and upon finding that the parties' minor son was emancipated, properly terminated support for him and vacated the income execution. Eiber, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.