OPINION OF THE COURT
Herbert B. Ray, J.
DECISION AND ORDER
I. Introduction
The issues presently pending before the court are complex and are raised by three separate petitions and a specific referral from the Supreme Court. This decision and order shall resolve Donald T. C.’s (hereinafter referred to as father) petition for modification filed on March 17, 1989, Delores C.’s (hereinafter referred to as mother) cross petition for maintenance filed on April 5, 1989, father’s order to show cause with supporting affidavits requesting vacatur of an income execution entered by the Support Collection Unit on May 31, 1989 and the specific referral of the issues of maintenance and support by the Honorable Stephen Smyk, Justice of the Supreme Court.
II. Child Support
Prior to the enactment of the amendment of Family Court Act § 451 on August 5, 1986, the law was clear that credit could be given to an obligor retroactively from the date upon which a child became emancipated. Such retroactive credit could be given for arrears accruing prior to the application for *252 relief. (Matter of Rice v Rice, 92 AD2d 938 [1983].) On August 5, 1986 the applicable law was amended to provide that a court shall not reduce or annul child support arrears which have accrued prior to the making of the application. Family Court Act § 451 provides that: "[t]he court * * * may modify, set aside or vacate any order issued in the course of the proceeding, provided, however, that the modification, set aside or vacatur shall not reduce or annul child support arrears accrued prior to the making of an application pursuant to this section.”
The court finds that this court has jurisdiction to consider the continuing validity of the child support provision of the July 19,1985 child support award.
As noted in the case of Matter of Marcia H. R. v Earl R. (141 Misc 2d 87, 88 [1988]) "[c]learly, the classification of arrears is critical to a determination of whether such arrears can be reduced or vacated.”
Father asserts that the obligation to support a child is extinguished upon the child’s emancipation. This court agrees that arrears can only accrue if there is an underlying obligation to pay support. Family Court Act § 413 provides that a parent is chargeable with support of a child under the age of 21 years. The obligation to provide child support automatically ceases upon the child’s reaching the age of 21.
In the case of Gluck v Gluck (134 AD2d 237 [1987]) the Appellate Division of the Second Department concluded that it was error for the lower court to direct a father to maintain a life insurance policy for the parties’ daughter who had attained the age of 21 approximately three months subsequent to trial. In finding error, the court stated: "the obligation to maintain life insurance ceases simultaneously with the obligation to provide child support.” (Supra, at 239.) Implicit in this court’s holding that maintenance of life insurance policies should not be ordered beyond the age of 21 was a finding that emancipation occurred upon the child’s attaining the age of 21.
Mother’s reliance upon the case of Matter of Aiken v Aiken (115 AD2d 919 [1985]) is misplaced. The case did not involve an issue of emancipation. This court finds that under the existing law, arrears cannot accrue subsequent to a child attaining the age of 21.
Father is not entitled to credit for any moneys paid toward child support after his son’s reaching the age of 21, but *253 collected prior to his modification petition filed on March 17, 1989. Father testified, and his pleadings reflect, that it was his belief that he had no obligation to support his son after his son turned 21. As reflected in the factual findings, father voluntarily chose to make payments toward child support. He did so in an effort to lessen his ex-wife’s anger. Father is not entitled to credit for these voluntary payments which he made in the amount of $100 per week from December 12, 1985 to August 14, 1987.
Nor does the court find that father is entitled to credit for a portion of those moneys collected pursuant to the attorney-initiated execution which shall be allocated to child support. Initially, the court notes that father is not deserving of consideration in the exercise of this court’s discretion. Father has repeatedly chosen not to appear in Broome County Family Court. Even though he was provided a copy of a petition for modification for his use on February 23, 1988, he did not file a modification petition with this court. Instead, he has made no effort to pay an outstanding maintenance obligation since March of 1988. Father has acted in deliberate disregard to this court’s mandates.
Even in the case cited by father decided in 1949, Nettles v Nettles (87 NYS2d 899), the court noted that cancellation of arrears should be considered as justice may require and the circumstances in the proceeding warrant. The court finds that justice requires that father not be given credit for any payments made toward child support prior to his petition for modification.
It would appear that, even though certain moneys were collected by wage attachment commencing in November of 1987, that father acquiesced in the collection of moneys attributable to child support. As noted in the procedural history and factual findings, he repeatedly chose not to appear in Broome County Family Court and acknowledged to the court that the enforcement proceeding had gone into effect. Neither he nor his attorney contested the attorney-initiated execution.
For these reasons, the court finds that respondent is not entitled to credit for child support payments made prior to March 17, 1989. Of those moneys collected by way of attorney-initiated income execution from November of 1987 to. February of 1988, $1,549.34 shall be allocated by the Broome County Support Collection Unit to the child support order and $4,648.02 shall be allocated toward the maintenance obliga *254 tian. Father shall not be entitled to credit for the $1,549.34 so allocated. To do so would reward him for his deliberate disregard of the Broome County Family Court order.
The court rejects father’s argument that the determination of the Texas court in the Uniform Support of Dependents Law (U.S.D.L.) proceeding terminated his child support obligation. A U.S.D.L. proceeding is additional or an alternative remedy which does not modify or supersede an existing support obligation. (See, Matter of Brizzi v Brizzi, 92 AD2d 919.)
The court finds that those moneys collected pursuant to Broome County Support Collection income execution issued on March 31, 1989, shall be allocated in total to father’s maintenance obligation. This court finds that it has authority to address the propriety of the income execution as entered by the Broome County Support Collection Unit on March 31, 1989. At the time of such execution, father had filed on March 17, 1989 a petition for modification which specifically addressed the validity of the outstanding order of child support. In his petition for modification he raised the issue of emancipation.
Ordinarily, objections related to initial issuance or implementation by a Support Collection Unit of an income execution order for child support are to be dealt with under that agency’s power to make determination of mistakes in fact. (Matter of Commissioner of Social Servs. v Sealy, 139 Misc 2d 563 [1987].) In the instant case, however, the Broome County Family Court was considering the validity of the outstanding order upon which the income execution order was issued. The court finds that this court’s consideration of the income execution order based upon the proceedings filed is appropriate.
The Second Department, Appellate Division, has recently addressed whether there had been a "mistake of fact”, as defined in CPLR 5241 (a) (8), in respect to a defendant’s obligation, which would warrant vacatur of the income execution order. In Zuckerman v Zuckerman (154 AD2d 666, 669) it was held that "a mistake of fact is not an application by a debtor to merely 'correct’ an income execution, but is, rather, an objection to the income execution itself (see, Matter of O’Brien v O’Brien, 134 Misc 2d 159). At bar, the emancipation of the minor son terminated the father’s obligation to pay child support and to that extent it was improper to issue the income execution (see, Cramer v Cramer, supra; Shutt v Shutt, supra)’’. The court held that the Family Court had jurisdiction to terminate support for the emancipated son and to vacate *255 the income execution. In the Zuckerman case the parties’ 17-year-old son had entered a military academy on June 29, 1988. He had the consent of both of his parents. The father had paid child support through June of 1988 and then terminated the payments on the ground that the child had become emancipated when he entered the academy. Two months later, the mother’s attorney served father with an income execution for support enforcement, alleging that father had failed to pay child support for his son. By petition, the father, alleging a "mistake of fact”, sought relief in the Family Court to correct the income execution. The Hearing Examiner concluded that the son’s entry into the academy at the age of 17 constituted emancipation. The Hearing Examiner terminated the father’s obligation to pay child support for the child and vacated the income execution.
In the instant case, mother has argued that the objections to the income execution were not timely made. The court specifically finds that the Broome County Support Collection Unit referred father to the Broome County Family Court for resolution of the issue of the appropriateness of the income execution order. The court finds that father’s filing of a modification petition raising the issue of emancipation clearly satisfied the due process requirement to insure that notice was given to the creditor (in this instance, mother) of the pendency of the proceeding and to afford her an opportunity to contest the alleged "mistake of fact” and/or the validity of the outstanding child support obligation. Mother was not prejudiced by father’s action in this regard.
As found in the case of Zuckerman v Zuckerman (supra), this court finds that father has proven the existence of a "mistake of fact”, in the income execution. The March 31, 1989 income execution shall be vacated as of the date of this decision. However, father in this instance is not completely free or innocent of any wrongdoing within the contemplation of the statute. As the court finds father deliberately chose not to make his required maintenance obligation payments, a new income execution order will issue in the accompanying order. All moneys collected by the Broome County Support Collection Unit as a result of the issuance of the income deduction order on March 31, 1989 shall be credited to father’s existing maintenance obligation.
[Portions of opinion omitted for purposes of publication.]