**HOWARD, Appellant,**

**v.**

**HOWARD, Appellee.**

[Cite as *Howard v. Howard* (1992), 80 Ohio App.3d 832.]

Court of Appeals of Ohio,
Clermont County.

No. CA92–03–026.

Decided Aug. 3, 1992.

---

*John Woliver*, for appellant.

*Nichols, Speidel & Nichols* and *David J. Frey*, for appellee.

WILLIAM W. YOUNG, Judge.

Plaintiff-appellant, Michael L. Howard, and defendant-appellee, Loretta A. Howard, were granted a divorce on April 17, 1987. Pursuant to a separation agreement that was incorporated into the parties' decree of divorce, appellee was awarded custody of the parties' four minor children. A support order was also established ordering appellant to pay his ex-wife the sum of $200 per week for the care, maintenance and support of the four children. The support order further stated that:

"Said support payment shall continue for each child past age eighteen as long as the child is a full-time college student and shall terminate for each child when the child graduates from college with an undergraduate degree, obtains age twenty-two, or marries or is otherwise emancipated, whichever event occurs first."

On September 25, 1991, appellant filed a motion for modification of the support order in the Clermont County Court of Common Pleas, Domestic Relations Division, requesting the court to terminate his support obligation for one of the parties' children, Todd. Prior to appellant's motion, Todd had enrolled as a cadet in the United States Coast Guard Academy. Appellant alleged that Todd was an emancipated child because he had substantially moved out of his mother's household and was receiving compensation from the United States Coast Guard.

A hearing on appellant's motion to modify his support obligation was held before a referee on November 6, 1991. On November 8, 1991, the referee filed her report, recommending that appellant's motion for modification be denied. Appellant subsequently filed his objections to the referee's report. On February 7, 1992, the domestic relations court issued a decision overruling appellant's objections and upholding the recommendation of the referee. In reaching its decision, the court concluded that there was no indication that the mother had surrendered her right to the care or custody of the child or that there had been a renunciation of her parental duties. Appellant appealed the trial court's judgment, asserting that the court erred by failing to find that Todd's enrollment as a cadet in the United States Coast Guard Academy constituted an emancipation from parental control.

Emancipation is the freeing of a minor child from parental control. *Price v. Price* (1983), 12 Ohio App.3d 42, 12 OBR 129, 465 N.E.2d 922, paragraph one of the syllabus; *Rourke v. Rourke* (Oct. 26, 1987), Warren App. No. CA87–01–007, unreported, 1987 WL 18836. The question as to when a child is emancipated so as to relieve a parent from the obligation of support

depends upon the particular facts and circumstances of each individual case. *Price, supra.*

The facts and circumstances in the instant action clearly show that Todd is not an emancipated child. The United States Coast Guard Academy is an accredited four-year college offering a bachelor of science degree in seven areas. A cadet can leave the Academy without any obligation before entering his junior year. Todd will be commissioned into the Coast Guard after he graduates from the Academy. He presently receives a full scholarship and a stipend in the amount of $534 per month from the Academy. However, a significant portion of the stipend is deducted for expenses relating to his clothing, room and board and books. In essence, Todd's status at the Academy is no different from any other college student on a full scholarship.

Moreover, there is no indication that appellee has surrendered her right to the care or custody of Todd or that there has been a renunciation of her parental rights. Appellee has undertaken the responsibility of paying for Todd's travel expenses to and from school and telephone calls that he makes to her. She also sends money, food and other items to him. In addition, it appears that Todd still considers his mother's home to be his own. His personal belongings remain at appellee's residence and appellee has continued to keep his room intact.

Unlike a fact pattern where an individual enters the armed services and thus removes himself from parental control and care, Todd is merely a college student in a military academy. See *Omohundro v. Omohundro* (1982), 8 Ohio App.3d 318, 8 OBR 427, 457 N.E.2d 324. He still receives monetary support from his mother and considers his mother's residence as his home. We therefore agree with the court below that Todd is not an emancipated child.

Finally, we do not agree with appellant's assertion that Todd's appointment to the United States Coast Guard Academy constitutes a change of circumstances warranting a modification of the support order. There is no language in the parties' separation agreement that revokes child support for a child who receives a scholarship or other financial assistance while in college. Hence, scholarships or other such financial assistance can be found to be a reasonable expectation under the separation agreement. The apparent intent of the agreement is that support will continue while the child is pursuing a four-year college degree. The fact that Todd is enrolled in a military academy, as opposed to a nonmilitary four-year college, does not serve as a basis for terminating child support.

Having reviewed the particular facts and circumstances in the instant action, we can find no abuse of discretion on the part of the trial court in concluding that Todd Howard is not an emancipated child. Appellant's sole assignment of error is therefore overruled.

*Judgment affirmed.*

JONES, P.J., concurs.

KOEHLER, J., dissents.