■ EUGENE J. McGOWAN, Appellant, v MARIE McGOWAN, Respondent. [595 NYS2d 240] —In a matrimonial action in which the parties were divorced by a judgment entered December 21, 1977, the plaintiff husband appeals from an order of the Supreme Court, Suffolk County (Dunn, J.), dated October 24, 1990, which denied his motion, made pursuant to CPLR 5241, to vacate an income execution which the defendant wife had obtained in December 1989 to collect alimony arrears allegedly due her under the terms of the divorce judgment.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contentions, the Supreme Court

properly rejected the plaintiff's contention that the provision of the divorce judgment directing the payment of alimony in the amount of $50 per week upon the sale of the marital premises, which occurred in August 1983, had ceased to exist or had been vacated by previous rulings (see, CPLR 5241 [a] [8]; [e]). The stipulation entered into by the parties' attorneys in September 1984, which vacated two orders that had been issued by two different Supreme Court Justices, one granting, without opposition, the defendant wife's motion for leave to enter a money judgment for alimony arrears, and the other granting, without opposition, the plaintiff husband's motion to vacate the provision of the divorce judgment which required him to pay alimony, was valid and binding upon the parties (see, CPLR 2104, 5015 [b]). In addition, an order entered November 25, 1985 (Baisley, J.), which directed a hearing on whether the alimony provision should be vacated, and whether arrears accruing subsequent to April 1984 should be awarded, which hearing never occurred, did not implicitly vacate the alimony provision of the divorce judgment. Accordingly, the plaintiff's basis for his "mistake of fact" application is without merit (see, CPLR 5241 [a] [8]; [e]).

Moreover, we agree with the Supreme Court's finding that the plaintiff's asserted defenses of laches and waiver were not properly before it, given the limited scope of a "mistake of fact" proceeding held pursuant to CPLR 5241 (see, Wikso v Wikso, 164 AD2d 975; Mirabella v Mirabella, 131 Misc 2d 655; cf., Cramer v Cramer, 140 AD2d 990; Matter of Goodman v County of Suffolk, 138 Misc 2d 323; Shutt v Shutt, 133 Misc 2d 81). In any event, there is no basis in the record or in the procedural history of this matter upon which to substantiate these defenses (see, Andrews v Dolan, 158 AD2d 569; Thurmond v Thurmond, 155 AD2d 527; Thompson v Lindblad, 125 AD2d 460).

We have examined the plaintiff's remaining contentions and find them to be devoid of merit. Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.