In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Genchi, J.), dated August 13, 2012, which granted the mother’s objections to an order of the same court (Lynaugh, S.M.) dated June 25, 2012, which, after a hearing, granted the father’s petition for a downward modification of his maintenance and child support obligations as set forth in the parties’ judgment of divorce and, thereupon, vacated the order dated June 25, 2012, on the ground of lack of subject matter jurisdiction. By decision and order on motion of this Court dated *771 September 21, 2012, enforcement of the order appealed from was stayed pending hearing and determination of the appeal.
Ordered that the order dated August 13, 2012, is reversed, on the law, with costs, the order dated June 25, 2012, is reinstated, and the matter is remitted to the Family Court, Suffolk County, for a determination of the mother’s objections on the merits.
The Family Court had jurisdiction to consider and determine the father’s petition for a downward modification of his maintenance and child support obligations as set forth in the parties’ judgment of divorce. The judgment of divorce provided that the Supreme Court and the Family Court were to retain concurrent jurisdiction to enforce those provisions which were capable of specific performance, but was silent as to the issue of modification. Family Court Act § 466 (c) (ii) provides that, where the Supreme Court is silent on an issue, the Family Court may entertain an application to modify an “order or decree granting alimony or maintenance on the ground that there has been a subsequent change of circumstances and that modification is required” (Family Ct Act § 466 [c] [ii]; see Zuckerman v Zuckerman, 154 AD2d 666 [1989]). Furthermore, Family Court Act § 461 (b) provides that, where an order of the Supreme Court requires support of a child, the Family Court may “entertain an application to modify such order . . . unless the order of the supreme court provides that the supreme court retains exclusive jurisdiction to enforce or modify the order” (Family Ct Act § 461 M).
Here, the judgment of divorce did not expressly retain exclusive jurisdiction in the Supreme Court to modify its terms. Accordingly, the Family Court improperly granted the mother’s objections to the Support Magistrate’s order dated June 25, 2012, and, thereupon, vacated that order on the ground of lack of subject matter jurisdiction (see Zuckerman v Zuckerman, 154 AD2d at 669; see also Matter of Hausman v Hausman, 27 AD3d 464 [2006]; see generally Matter of Leontitsis v Leontitsis, 128 AD2d 535 [1987]). Since the Family Court failed to consider the mother’s objections on the merits, the matter must be remitted to the Family Court, Suffolk County, for a determination of her objections on the merits. Skelos, J.E, Balkin, Dickerson and Hinds-Radix, JJ., concur.