McDONOUGH, J.
*846 This is an appeal from a judgment dismissing a complaint for retroactive modification of a child support order. The complaint was filed by Andrew J. Costa (father) to terminate his child support obligation to his former wife, Lisa Bobblis (mother), for one of their two children. As we discuss in more detail below, pursuant to a separation agreement that was incorporated into the judgment of divorce, the father was required to pay child support until the child became emancipated. The agreement provided that emancipation would occur at the age of twenty-three if the child attended college or other accredited post high school training or education. The agreement further stated that emancipation would occur if the child entered the military. The child in question attended college as a full-time student and joined the United States Army Reserve Officer Training Corps (ROTC) at the beginning of his junior year. The father claims that joining the ROTC is the equivalent of entering the military and, as a result, the child was emancipated at the time his participation in the ROTC program began. Consequently, the father argues, his child support obligation terminated at the beginning of the child's junior year of college. Following a trial at which both parties appeared pro se, a judge of the Probate and Family Court rejected the father's argument. In a well-reasoned memorandum of decision, the judge ruled that the child was not emancipated by virtue of his enrollment in the ROTC and dismissed the father's complaint. We affirm.
Background. We summarize the undisputed material facts as follows.[1] After eleven years of marriage, the parties divorced in 2000 pursuant to a divorce judgment that incorporated the parties' separation agreement. The mother had physical custody of both children. The parties agreed that the father would pay weekly child support "until the emancipation of all the children." They further agreed that a child's emancipation would occur upon the earliest of certain future events, of which only two are relevant here: first, "if the child attends college or other accredited post-high school training or education, emancipation shall be at age 23 or such time as the child completes such training or education"; or second, upon "[e]ntry by the child into the military."
In August of 2012, the child enrolled at Springfield College. He received a scholarship award from the college and also obtained a number of educational loans.[2] In addition, through its long-standing ROTC program, the Army awarded him a scholarship beginning in his junior year of college. Following his graduation in May of 2016, the Army commissioned him as an officer, assigned him to its field artillery branch, and ordered him to report for duty at Fort Sill in Oklahoma.
A trial was held on September 23, 2016. Both parties presented their respective cases and offered uncontested documentary evidence.[3] Those documents included an *847 ROTC enlistment document and an ROTC scholarship cadet contract (cadet contract), both signed by the child and an Army official. The documents were interlinked: both made reference to the other, for purposes of supplying details of his participation in the ROTC college program as well as his later military service (if any) in the Army.
In her memorandum of decision, the judge referred to the ROTC documents, indicating how each confirmed the distinction between the ROTC program, which provided some specialized training to a student cadet, and the military service that an ROTC cadet formally commits to undertake upon graduation. Based on the ROTC documents, Federal statutory law, and relevant case law (including reported decisions of other State courts), the judge concluded that the child did not become emancipated by virtue of his participation in the ROTC.[4]
Discussion. We review a judge's decision denying or allowing modification of a child support order for abuse of discretion. See Lizardo v. Ortega, 91 Mass. App. Ct. 687, 691-692, 78 N.E.3d 89 (2017) ; Wasson v. Wasson, 81 Mass. App. Ct. 574, 576, 965 N.E.2d 882 (2012).[5] An abuse of discretion may be found where a trial judge has made a clear error in weighing the relevant factors for a modification, so that the "decision falls outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27, 20 N.E.3d 930 (2014). A judge's interpretation of the meaning of a term or clause in a contract, which is a question of law, is reviewed de novo. Balles v. Babcock Power, Inc., 476 Mass. 565, 571, 70 N.E.3d 905 (2017).
1. ROTC program structure. Upon enrolling in the ROTC program, the child executed two documents, which were produced as evidence during the trial: the cadet contract and the enlistment document. The cadet contract established the terms and conditions of the child's participation in the ROTC program "and later service in the United States Army." The enlistment document, which incorporates the cadet contract by reference, established the child's rank as an ROTC cadet, and states that the cadet contract includes "additional details of [his] enlistment."
In exchange for a scholarship covering his tuition and educational expenses, as well as a monthly subsistence allowance, the child assumed an active duty obligation to be met after he completed the ROTC program and graduated from college. He also agreed to accept an appointment, if offered, as a commissioned officer in the Army, upon graduation and completion of *848 all ROTC requirements. However, if he violated the terms of the cadet contract or the ROTC program, he could have been ordered to active duty as an enlisted soldier or required to reimburse the United States government for the scholarship funds he had received.
The cadet contract closely tracks chapter 103 of title 10 of the United States Code, which establishes and governs ROTC programs. See 10 U.S.C. §§ 2101 - 2111b (2012). That chapter lists the requirements for a person's initial enrollment in the two-year ROTC "advanced training" program, including enlistment as an ROTC cadet. See 10 U.S.C. §§ 2101, 2104(b). As with the cadet contract, the chapter states that an "ROTC cadet may be ordered to active duty as an enlisted reservist only if he does not complete his course of instruction or declines to accept a commission when offered." Allison v. United States, 426 F.2d 1324, 1326 (6th Cir. 1970). In addition, one who fails to complete the required active duty period "shall be subject to ... repayment provisions." 10 U.S.C. § 2105. Notably, an officer appointed following completion of an ROTC program "may not be credited with enlisted service for the period covered by his advanced training." 10 U.S.C. § 2106(c).
The contractual provisions of the enlistment document and cadet contract, as well as the statutory authority governing the ROTC program, demonstrate a clear distinction between participation in an ROTC program and military service under the ROTC program's terms. As the trial judge noted, "[an] ROTC cadet is simply a scholarship student who receives some special training and has an obligation to perform military service or repay the funds received after participation in the program." Importantly, the cadet contract and 10 U.S.C. §§ 2101 et seq. contemplate the possibility that a cadet may never enter active duty, for a number of reasons, and in such circumstances require the cadet to repay the Army for the scholarship. And, as noted supra, participation in the ROTC program is specifically not credited as military service as it pertains to the service obligations of appointed officers.
2. Statutory and decisional law. Statutory and decisional authority further highlight the difference between participation in the ROTC program and service in the military. For example, the United States Code specifically distinguishes between members of the armed forces on one hand, and ROTC cadets on the other, in providing death benefits to members of the military. See 10 U.S.C. § 1475(a)(1)-(4) (2012) ; Allison, 426 F.2d at 1326-1327. In addition, when considering whether a statutorily established life insurance policy for members of the military covers ROTC cadets, the United States Court of Appeals for the Sixth Circuit stated that "Congress has not considered ROTC training or training in the military academies as regular military service" (footnote omitted). Allison, supra at 1326. Similarly, the legislative history behind the Federal Employees Compensation Act (FECA) "indicates a belief on the part of members of Congress that ROTC students are not members of the armed forces." Id. at 1327. According to the Senate committee on armed services's report on FECA, "ROTC members are civilians and have no military status." Id., quoting 1956 U.S. Code Cong. & Admin. News 3870. Finally, the Uniform Code of Military Justice does not apply to ROTC candidates, while it does apply to cadets of the United States Military Academy, the United States Air Force Academy, and the United States Coast Guard Academy. See 10 U.S.C. §§ 801, 802 (2012) ; Allison, supra at 1326.
*849 While no other Massachusetts court has directly ruled on the issue before us (whether enrolling in an ROTC program is considered entry into the military for purposes of emancipation), courts in other jurisdictions have considered the related question of whether enrolling in a military academy is an emancipating event. Military service is often considered an emancipating event because it subjects an individual to "extensive government control, which is inconsistent with a parent's control and support of a child." Zuckerman v. Zuckerman, 154 A.D.2d 666, 668, 546 N.Y.S.2d 666 (N.Y.A.D. 1989). For example, in Howard v. Howard, 80 Ohio App. 3d 832, 835, 610 N.E.2d 1152 (1992), the court concluded that enrolling as a cadet in the United States Coast Guard Academy was not equivalent to entering the military and did not emancipate the parties' child. The court stated that "in essence, [the child's] status at the Academy is no different from any other college student on a full scholarship," and reasoned that, "[u]like a fact pattern where an individual enters the armed services and thus removes himself from parental control and care, [the child] is merely a college student in a military academy." Id. Of particular relevance to the court in Howard was the apparent intent of the parties, as is the case here, that child support continue while the child pursued a four-year college degree. Id.[6]
Conclusion. We agree with the trial judge's thoughtful analysis respecting the distinction between a student cadet participating in a college ROTC program, and a cadet's later full-time military service. Like the trial judge, we believe that "[e]ntry ... into the military" as set forth in the parties' separation agreement, when used in the emancipation context, does not apply to participation in a ROTC program that does not include full-time service in an active or reserve component of the armed forces. See, e.g., Allison, 426 F.2d at 1326-1327 ; Bishop v. Bishop, 287 N.J. Super. 593, 599-603, 671 A.2d 644 (1995). We therefore affirm the judgment dated November 3, 2016, dismissing the complaint for modification.[7]
So ordered.

On appeal, the father erroneously argues that the judge "did not issue" factual findings. The judge's findings, although not expressly labeled as such, are set forth in her written decision, are firmly rooted in the evidence, and more than adequately support the judgment of dismissal. See generally Mass. R. Dom. Rel. P. 52(a).

The child and the mother remain co-obligors on college loans.

The father relied on a "United States Government Common Access Card," which allegedly referenced the child's rank and pay grade. The mother countered with a sworn statement of an Army ROTC officer, who indicated that this card was inaccurate, that it had been issued by mistake, and that the child was in the process of obtaining a corrected card. Other than the father and the mother, no witnesses were called to testify.

The father argues, in passing, that the judge erred by denying him an opportunity to prove that the child no longer resided with the mother. Putting aside whether the father preserved this claim of error, it is enough to say that the father did not, at any stage of the case, offer any competent evidence to show that the child in fact ever maintained a domicile apart from the mother during the relevant time frame.

We consider "(1) whether the factual findings are 'clearly erroneous,' giving 'due regard ... to the opportunity of the trial court to judge the credibility of the witnesses,' Mass. R. Dom. Rel. P. 52(a) (2008); (2) whether there were errors of law; and (3) whether the judge appears to have based her decision not on sound discretion, but 'on whimsy, caprice, or arbitrary or idiosyncratic notions' " (citation omitted). Pierce v. Pierce, 455 Mass. 286, 293, 916 N.E.2d 330 (2009).

Conversely, courts in New York and Missouri have held that, when considering emancipation, entering the United States Military Academy at West Point or the United States Air Force Academy is equivalent to entering the military. See Porath v. McVey, 884 S.W.2d 692, 696 (Mo. Ct. App. 1994) ; Dingley v. Dingley, 121 N.H. 670, 673, 433 A.2d 1281 (1981) ; Zuckerman, 154 A.D.2d at 668, 546 N.Y.S.2d 666. Those courts considered the day-to-day lifestyle of a West Point or Air Force cadet, which is highly structured and leaves cadets little free time of their own. See Porath, supra at 695. They also noted that cadets are provided with free tuition, room, board, health care, monthly pay, and other allowances, thus rendering cadets self-supporting. See Zuckerman, supra. These cases are readily distinguishable from the case before us, as the hallmarks of military service present at those military academies were not part of the child's ROTC experience at Springfield College.

Claiming the father's appeal is frivolous, the mother also maintains she is entitled to attorney's fees and double costs pursuant to Mass. R. A. P. 25, as appearing in 376 Mass. 949 (1979). We disagree. Although we affirm the judgment, "[u]npersuasive arguments do not necessarily render an appeal frivolous." Avery v. Steele, 414 Mass. 450, 455, 608 N.E.2d 1014 (1993). Because the father presented a question we deemed "worthy of appellate consideration," his appeal does not justify awarding attorney's fees and double costs. Hodge v. Klug, 33 Mass. App. Ct. 746, 758, 604 N.E.2d 1329 (1992).