■ MARY MERCIER, Respondent, v. HARRY MERCIER, Appellant.— Judgment unanimously modified on the law and facts in accordance with the memorandum and as modified affirmed, without costs of this appeal to either party. Certain findings of fact disapproved and reversed and new findings made. Memorandum : The defendant husband appeals from part of a judgment which granted a decree of separation to the plaintiff wife, awarded custody of a legally adopted minor son to the plaintiff and provided certain financial benefits for the plaintiff. The appeal relates only to that part of the judgment providing the financial benefits. The burden of the payments and expenditures required by the decree would be about $16,000 per year. The defendant's principal income consists of the salaries drawn by him from various corporate enterprises in which he and his brother hold a controlling interest. The salaries total about $21,500 per year. These salaries could be increased to some extent, but this could be done only with the co-operation of the defendant's brother, and any substantial increase might impair the working capital of the corporations. On the whole, we believe that the burden imposed upon the defendant by the separation decree is excessive and should be substantially reduced. There are two provisions of the decree which are particularly in controversy. One is a provision that the defendant pay all income taxes upon the alimony payments so that they will be " tax free " to the plaintiff. The defendant challenges the validity of this provision, at least insofar as State income taxes are concerned, in view of section 385 of the Tax Law (see *Kraunz* v. *Kraunz*, 293 N. Y. 152; but as to Federal income taxes see *Metcalf* v. *Metcalf*, 302 N. Y. 822, affg. 277 App. Div. 1114; see, also, same case, 274 App. Div. 744). The plaintiff suggests that if there is doubt as to the validity of the income tax provision, the annual payments to the plaintiff should be increased by about $2,500 to cover the income tax liability. This is, of course, permissible (*Kraunz* v. *Kraunz, supra*). The defendant also challenges the legality of the provision that he be required to maintain a $30,000 life insurance policy for the benefit of the plaintiff (*Ostrom* v. *Ostrom*, 270 App. Div. 872; *Mack* v. *Mack*, 16 A D 2d 1029; *Kunc* v. *Kunc*, 186 Okla. 297; but, see, *Baker* v. *Baker*, 224 Minn. 117; *Hiecke* v. *Hiecke*, 163 Wis. 171; *Morse* v. *Morse*, 42 Wash. 2d 229; and, see, Divorce, 145 A. L. R. 522; Annotation 27A C. J. S., § 235, p. 1074). Without undertaking to pass upon these legal questions at this time, we have decided to strike out these two items in order to reduce the financial burden imposed upon the defendant. The reduction seems to us to be well justified by the circumstances established by the record. The judgment appealed from should be modified accordingly by eliminating the provision for the payment of income taxes and the provision for the maintenance of life insurance. Other modifications, which are self-explanatory, should also be made: (1) the provision that the amount of the payments for the support of the plaintiff and the parties' son should not be reduced upon the son's attaining his majority should be eliminated; (2) the provision against transfer

or incumbrance of the defendant's interests in the property owned by the entirety should be eliminated; and (3) the provision for payment of medical, surgical and hospital expenses should be limited to major expenses, as distinguished from ordinary or routine expenses. (Appeal by defendant from judgment of Jefferson Trial Term granting a separation to plaintiff.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.