obtained by the defendant, Jean Zaczek against plaintiff, and for other relief, in which the said defendant interposed a counterclaim for partition of certain real property owned by them as tenants by the entirety, and in which said defendant thereafter asserted her constitutional privilege against alleged self incrimination in refusing to answer certain questions propounded to her in the course of her pretrial examination by the plaintiff, the said defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County, dated April 27, 1962, conditionally dismissing her counterclaim because of such refusal, as directed that such dismissal is " on the merits." Order, insofar as appealed from, reversed, without costs; and the words " on the merits " are directed to be deleted from the order. As the learned Special Term neither determined nor considered the merits of the counterclaim, we are of the opinion that it should not have been dismissed on the merits (cf. *Clark* v. *Scovill*, 198 N. Y. 279; *Weisinger* v. *Berfond*, 11 A D 2d 817, affd. 9 N Y 2d 742). [For related appeal, see *Zaczek* v. *Zaczek*, 20 A D 2d 902; for prior appeal, see *Zaczek* v. *Zaczek*, 14 A D 2d 808.] Kleinfeld, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.

## (April 13, 1964)

GERTRUDE ABRAMOWITZ et al., Respondents, v. NAT BERGER et al., Appellants, et al., Defendants.— In an action by numerous plaintiffs to recover money damages by reason of the defendants' alleged fraud and breach of contract, the defendants Berger, Turkat, the Berger corporation and the BDL Management Corp. appeal from an order of the Supreme Court, Kings County, dated August 6, 1963, which granted plaintiffs' motion and which: (a) relieved them of their default in the service of a bill of particulars within the time allowed by a prior conditional preclusion order, dated November 28, 1962; and (b) permitted plaintiffs to serve such bill in conformity with the defendants' original demand for such particulars, as modified by the said conditional preclusion order. Order of August 6, 1963 reversed, without costs, and motion denied, without prejudice to renewal upon proper affidavits reciting facts showing a meritorious excuse for plaintiffs' failure to serve the bill of particulars in accordance with the terms of the preclusion order of November 28, 1962. In our opinion, the present record furnishes a wholly inadequate factual basis for the exercise of the court's discretion in opening plaintiffs' default under the preclusion order. Although facts are set forth showing the merits of the action, no *facts* are set forth showing that plaintiffs' default and inordinate delay in serving the bill of particulars are excusable. Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.

SYLVIA M. BLAINE, Respondent, v. SIDNEY BLAINE, Appellant.— In an action for a separation, in which the defendant husband asserted a counterclaim for the replevin of household furnishings and a counterclaim for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County, dated January 17, 1964, which granted plaintiff's motion and directed him to pay $500 to the plaintiff for her " probable expenses " in defending against his counterclaims. Order reversed, with $10 costs and disbursements, and motion denied. There is no statutory authority for such an order; hence, Special Term lacked the power to make it. Even if it were authorized, the order would be improper on this record, since the wife did not show that she needed financial assistance to enable her to defend against the husband's counterclaims. Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.