■ RITA G. MARSHALL, Respondent, v DAVID MARSHALL, Appellant.— Order unanimously reversed, on the law, with costs, and motion denied. Memorandum: Appellant husband appeals from an order at Trial Term of the Supreme Court Onondaga County which granted respondent wife's motion to modify a divorce decree and, in addition, directed appellant to pay respondent's legal and accounting fees, and reserved decision, pending a final determination on respondent's income tax liability. This appeal arises because of a Family Court support order granted respondent in 1966 ordering appellant to pay $400 per week toward the support of his wife and children. Since the order failed to specify what portion of the payments were child support, the entire payment was income to the wife. On January 5, 1971 Supreme Court Onondaga County granted respondent a divorce with alimony of $15,000 and support of $3,000 per annum for each of two children. Appellant filed tax returns without claiming alimony deductions for the period 1966–1968 inclusive. In April, 1970 he filed amended returns for the years 1966–1968 and the original return for 1969 claiming the deduction for alimony, and the Internal Revenue Service levied deficiency assessments against respondent wife for additional taxes and interest for the same period of approximately $30,000. The trial court incorrectly granted counsel fees in violation of the provisions of subdivision (b) of section 237 of the Domestic Relations Law. That statute provides that upon an application to modify, the court has discretion to direct the husband to pay such sums as justice requires, but "such direction may only be made in the order or judgment by which the particular application or proceeding is finally determined". The record before us reveals that the issue of tax liability is presently on appeal and that the trial court reserved decision in order to fix the amount of alimony to be paid by appellant only after respondent's tax liability had finally been determined in the United States Tax Court. Under these circumstances the order granted by the trial court is not one by which the particular application was finally determined. Furthermore, this order which directed appellant to pay respondent's accountant and attorneys' expenses in her income tax matter exceeds the power of the court by awarding expenses upon a nonmatrimonial cause of action *(Lambert v Lambert,* 45 AD2d 715; *Blaine v Blaine,* 20 AD2d 903). In order for respondent to obtain a modification of the alimony provision contained in the 1971 divorce decree she must show a "substantial change of circumstances" *(Kover v Kover,* 29 NY2d 408). The real claim here appears to be that since the trial court was unaware of respondent's unforeseen tax liability, it acted within its discretionary power in modifying the decree. Since the 1966 Family Court support payments were not "specifically earmarked" for the children by a written agreement or court decree *(Commissioner v Lester,* 366 US 299; *Van Oss v Commissioner of Internal Revenue,* 377 F2d 812; *Deininger v Commissioner of Internal Revenue,* 313 F2d 221), respondent was always obligated to pay the income tax on the amounts paid to her by appellant regardless of whether appellant claimed or failed to claim a deduction on account of these payments. His later

decision to claim a deduction, to which he was legally entitled, had no effect on the tax liability of his wife. In view of the fact that respondent, her accountant, her attorneys and the trial court had available to them the still-in-effect separation decree together with the knowledge that respondent did not file a joint tax return with appellant, so that they should have known that the support payments under the Family Court support order were taxable to her, the lack of awareness by all concerned is insufficient to constitute a change of circumstances upon which to base an order of modification. Although it is well settled that the court has the power to take tax consequences into account when determining alimony *(Balmer v Balmer,* 7 NY2d 833, affg 7 AD2d 741; *Bottner v Bottner,* 39 AD2d 680; *Mercier v Mercier,* 18 AD2d 880), respondent's reliance upon *Kraunz v Kraunz* (293 NY 152) and other cases cited by her is misplaced because in those cases, unlike this one, it appeared that statutory changes shifted the burden to the wife to pay income taxes on support payments which the husband had been required to bear at the time the alimony was fixed. Finally, respondent claimed in her brief and on oral argument that appellant was guilty of fraud because he did not reveal to the trial court his intention to claim a tax deduction on account of support payments made to her. She argues that such fraud should serve as a basis for the modification of the decree. Evidence of fraud on appellant's part that can be shown to have misled the trial court when it fixed alimony in January, 1971 would constitute a reason for that court to vacate its original order and fix alimony anew. An examination of the record, admittedly incomplete and consisting merely of exerpts from conflicting affidavits on this issue, does not persuade us, however, that there was anything more than a misapprehension as to the effect of existing tax statutes. Indeed, the trial court itself based its directed modification on a change in conditions "never contemplated by the Court" without any suggestion by it of fraud. (Appeal from order of Onondaga Special Term modifying judgment of divorce.) Present—Moule, J. P., Cardamone, Simons, Goldman and Del Vecchio, JJ.