■ PATRICIA ENTWISTLE, Respondent, v CHARLES ENTWISTLE, Appellant. — In a matrimonial action, defendant appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Roncallo, J.), dated February 11, 1982, which, *inter alia,* (1) granted the plaintiff wife's motion for the entry of a money judgment in the amount of $13,666 for arrearages in child support and unpaid medical and dental expenses incurred by the plaintiff on behalf of the children of the parties for the period from July 1, 1979 to November 20, 1981, due under a modified judgment of divorce of the same court, (2) awarded the plaintiff counsel fees in the amount of $1,500, and (3) denied defendant's cross motion to, *inter alia,* hold plaintiff in contempt of court, vacate the suspension of a fine previously imposed upon plaintiff for contempt, and relieve defendant of his obligation to pay child support during the period in question. Order and judgment modified by deleting the fourth decretal paragraph thereof which awarded counsel fees to plaintiff. As so modified, order and judgment affirmed, without costs or disbursements, and matter remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith. Based on the evidence before him, the Trial Judge concluded that plaintiff had neither interfered with defendant's visitation rights nor otherwise violated the terms of the modified judgment of divorce entered pursuant to our decision in *Entwistle v Entwistle* (61 AD2d 380, app dsmd 44 NY2d 851). Our review of the record reveals no basis to disturb those conclusions. Accordingly, the plaintiff's application for arrearages in child support and unpaid medical and dental

expenses was properly granted. However, in the absence of a stipulation regarding the same, the Trial Judge did err in deciding plaintiff's contested application for counsel fees without testimonial or other trial evidence tending to show the respective financial status of the parties (see *Ryan v Ryan,* 92 AD2d 889; *Sadofsky v Sadofsky,* 78 AD2d 520; *Fomenko v Fomenko,* 50 AD2d 712, app dsmd 38 NY2d 999). We therefore remit the matter for a hearing and determination on that issue alone. Lazer, J. P., Gulotta, Brown and Boyers, JJ., concur.