■ JUNE ROBINS, Respondent, v FIRESTONE TIRE & RUBBER COMPANY, Appellant, et al., Defendants. (And a Third-Party Action.) — In an action to recover damages for personal injuries based upon negligence, strict products liability and breach of warranty, defendant the Firestone Tire & Rubber Company (Firestone) appeals from so much of an order of the Supreme Court, Nassau County (Meade, J.), dated September 7, 1982, as denied its cross motion insofar as it was to compel the plaintiff to answer certain interrogatories served on her and granted plaintiff's motion for a protective order as to said interrogatories. Order modified, by granting Firestone's cross motion and denying plaintiff's motion as to all but Interrogatory No. 5. As so modified, order affirmed, insofar as appealed from, with $50 costs and disbursements to defendant Firestone. Plaintiff's time to respond to the interrogatories is extended until 20 days after service upon her of a copy of the order to be made hereon, with notice of entry. Firestone is entitled to answers to Interrogatories Nos. 1 and 2, which seek to determine in what manner its tire was defective in design (Interrogatory No. 1) and defective in manufacture (Interrogatory No. 2) (*Paldino v E. J. Korvettes, Inc.,* 65 AD2d 617). Gibbons, J. P., Weinstein, Bracken and Niehoff, JJ., concur.

■ MARIANNE RYAN, Respondent, v MICHAEL RYAN, Appellant. — In a matrimonial action, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Imperato, J.), dated June 8, 1981, as (1) denied his motion for (a) a modification of alimony and child support, (b) joint or full custody of the parties' child and (c) increased visitation, and (2) granted plaintiff wife's motion for counsel fees in the sum of $750. Order modified, on the law and the facts (1) to provide that (a) defendant husband shall pay to plaintiff wife the sum of $120 per week alimony and $50 per week child support, and (b) defendant husband shall be granted visitation rights two out of every three weekends from 6:00 P.M. Friday until 6:00 P.M. Sunday, and (2) by deleting therefrom the fifth decretal paragraph awarding counsel fees to plaintiff wife. As so modified, order affirmed, insofar as appealed from, without costs or disbursements, and matter remitted to Special Term for further proceedings in accordance herewith. Under all the facts and circumstances of this case, including the tax consequences of the award, we have modified the award of alimony and child support as indicated (see *Marshall v Marshall,* 48 AD2d 759). We also deem it more appropriate to grant the defendant husband increased visitation privileges by court order, rather than leave his visitation privileges to plaintiff wife's discretion. Moreover, in the absence of a stipulation regarding the same, Special Term erred in deciding plaintiff wife's contested application for counsel fees without testimonial or other trial evidence tending to show the respective financial status of the parties (see *Entwistle v Entwistle,* 92 AD2d 879; *Sadofsky v Sadofsky,* 78 AD2d 520; *Fomenko v Fomenko,* 50 AD2d 712, app dsmd 38 NY2d 999). We therefore remit the matter to Special Term for a hearing and determination on that issue alone. Gibbons, J. P., O'Connor, Brown and Boyers, JJ., concur.