■ SHIRLEY H. COVELESKI, Respondent, v ANTHONY F. COVELESKI, Appellant. — Appeal from an order of the Supreme Court at Special Term (Shea, J.), entered June 16, 1982 in Warren County, which granted so much of plaintiff's motion as sought a money judgment against defendant for child support arrearages. Pursuant to a separation agreement entered into between the parties on March 3, 1980, custody of the one child of the marriage, born January 19, 1966, was given to plaintiff and defendant was required to pay certain amounts for the support of the child as long as, among other things, plaintiff had custody of the child. Subsequent to the execution of this agreement but prior to the judgment of divorce, the child began living with defendant during the week and residing with plaintiff on the weekends. This living arrangement continued and in June, 1981 defendant moved to modify the separation agreement and judgment of divorce so as to give him custody of the child and eliminate his child support payments. By order dated July 31, 1981 and entered August 5, 1981, defendant's motion was denied. Defendant's last child support payment was made on August 3, 1981. In February, 1982, plaintiff moved for a money judgment against defendant for child support arrearages, a wage deduction order pursuant to section 49-b of the Personal Property Law and reasonable counsel fees and expenses. Special Term granted so much of plaintiff's motion as sought a money judgment for support arrearages and this appeal by defendant ensued. The separation agreement was incorporated into the divorce decree but not merged. Initially, defendant argues that he had physical custody of the child during the period in question and not plaintiff and, therefore, he was not required to pay plaintiff child support pursuant to the agreement. The agreement, however, was never amended and consequently legal custody of the child continued throughout in plaintiff. Accordingly, in our view, defendant was required under the agreement to make child support payments to plaintiff. It is also urged by defendant that since the child was in fact residing with him, it would be unjust for the court to require child support payments be made to plaintiff for such period of time. Recent amendments to section 244 of the Domestic Relations Law (L 1980, ch 241, § 2; ch 645, § 5; L 1981, ch 695, § 4) have divested the courts of discretion in deciding whether to grant a judgment for arrears on a motion such as the one by plaintiff herein (see *Malta v Malta,* 87 AD2d 988). The court is now mandated to direct the entry of judgment for arrears "unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears" (Domestic Relations Law, § 244). In the present case, defendant did make an application for relief from the judgment prior to the accrual of arrears but he was unsuccessful on his application. Defendant did not appeal from the denial of his motion to modify the judgment of divorce but instead unilaterally ceased making the required child support payments. In our opinion, the Legislature by amending section 244 of the Domestic Relations Law intended to preclude such unilateral cessation of support payments. Defendant in the present case should have appealed from the denial of his motion or again sought relief from the judgment of divorce at Special Term. Having failed to do so, we conclude that defendant improperly ceased to make child support payments and Special Term did not err in granting plaintiff's motion for money judgment against defendant for child support arrearages. Accordingly,

the order must be affirmed. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Levine, JJ., concur.