■ SANDRA VIGO, Respondent, v GASPAR VIGO, Appellant. — In a matrimonial action, the defendant husband appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Suffolk County (Geiler, J.), dated July 22, 1982, as granted those branches of the plaintiff wife's motion which sought a money judgment against defendant in the sum of $6,701.50, and appointment of plaintiff as receiver and sequestrator of defendant's interest in the former marital premises, and awarded plaintiff counsel fees of $500, and (2) so much of an order of the same court, also dated July 22, 1982, as denied those branches of his motion which sought suspension of child support payments and cancellation of arrears, except insofar as his obligation to liquidate previously accrued arrears and his obligation to pay one half of the oil bills with respect to the former marital residence were suspended. Order which in part granted plaintiff's motion modified, on the law, by reducing the money judgment from $6,701.50 to $2,689.50, and vacating the award of counsel fees. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. Order which in part denied defendant's motion modified, on the law, by vacating the provision which denied that branch of defendant's motion which sought suspension of child support payments. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The matter is remitted to the Supreme Court, Suffolk County, for a hearing and determination with respect to plaintiff's application for counsel fees, and that branch of defendant's motion which sought suspension of child support payments. As noted in *Coveleski v Coveleski* (93 AD2d 924) and *Malta v Malta* (87 AD2d 988), recent amendments to section 244 of the Domestic Relations Law (L 1980, ch 241, § 2; ch 645, § 5; L 1981, ch 695, § 4) have divested the courts of discretion in deciding whether to grant a judgment for arrears. The court is now mandated to direct the entry of judgment for arrears "unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears"

(Domestic Relations Law, § 244). In the instant case, plaintiff wife was entitled to a money judgment in the sum of $2,689.50, for arrears in child support payments and oil bill payments inasmuch as defendant husband concedes that he failed to pay the above sum and inasmuch as he did not demonstrate good cause for his failure to make an application for relief from the support orders prior to the accrual of arrears. However, Special Term should not have granted plaintiff $4,012, representing "arrears" in mortgage payments inasmuch as defendant was not required to make such payments pursuant to any court order. Moreover, Special Term erred in deciding plaintiff wife's contested application for counsel fees without testimonial or other evidence tending to show the respective financial status of the parties (see *Ryan v Ryan,* 92 AD2d 889; *Entwistle v Entwistle,* 92 AD2d 879). We therefore remit the matter for a hearing on that issue. Further, we remit the matter for a hearing on the issue of whether defendant's obligation to pay child support should be suspended in light of his claim of inability to pay and his allegation that he was denied his visitation rights (see Domestic Relations Law, § 241; *Kaplan v Kaplan,* 75 AD2d 885). Mangano, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.