■ FRANCES HACKER, Appellant, v LEE HACKER, Respondent. —Order, Supreme Court, Bronx County (Silbowitz, J.) entered July 3, 1985, which, *inter alia,* directed defendant to pay plaintiff the sum of $3,000 within 15 days and $210 per week temporary child support and maintenance pendente lite; granted defendant's request for discovery; directed the plaintiff to place the action on the Trial Calendar; referred defendant's motion to suspend the provisions of the pendente lite support order entered August 13, 1984 (Gabel, J.) and plaintiff's cross motion for an order directing the entry of judgments against defendant in the sum of $9,784.03 in arrears and interim accounting fees, and $500 for attorney's fees, with interest to the trial court for disposition; denied plaintiff's application for attorney's fees of $2,000 and referred the matter to trial; and denied plaintiff's motion to adjudicate the defendant in contempt of court for his failure to post a $20,000 bond pursuant to the order of the Supreme Court, New York County (Ostrau, J.) entered December 5, 1984, modified, on the law, plaintiff's cross motion granted to the extent of directing the entry of judgments against defendant for interim accounting fees and arrears in the sum of $6,783.95, with interest, and in the sum of $500, the provision for the payment of $210 per week for temporary support and maintenance vacated and, as modified, affirmed, without costs. Settle order on notice.

Domestic Relations Law § 244, as amended (L 1980, ch 241, § 2; ch 645 § 5; L 1981, ch 695, § 4), has divested the court of discretion in deciding whether to enter judgment on a motion for support arrearages. It must direct the entry of such a judgment " 'unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears' ". *(Vigo v Vigo,* 97 AD2d 463 [2d Dept 1983]; *Coveleski v Coveleski,* 93 AD2d 924 [3d Dept 1983].) Special Term should have granted the cross motion to the extent of directing that judgment be entered against defendant for the outstanding arrears and previously awarded attorney's fees of $500. The defendant failed to pay the attorney's fees and after

September 21, 1984, unilaterally ceased making all but token payments as directed by the interim order (Gabel, J.) entered August 13, 1984. He also did not demonstrate good cause for his failure to seek relief prior to his motion, dated January 24, 1985, to cancel and suspend arrears. However, it is uncontroverted that plaintiff has received $3,000 pursuant to the order at Special Term. On this appeal plaintiff concedes a slight mathematical error in the computation of the sum owed. She is entitled to a judgment against defendant for the sum of $6,783.95, the corrected amount of $9,783.95 less a setoff of $3,000.

The defendant was clearly not entitled, based upon alleged interference with his visitation rights, to cancel the arrears which had been reduced to a judgment entered on December 5, 1984, covering payments due under the August 13, 1984 order prior to September 14, 1984, in the amount of $5,086.77, or to suspend temporary support and maintenance payments. He has no enforceable visitation rights under Domestic Relations Law § 241 because there is neither a court order nor a stipulation incorporated by reference into such an order, concerning visitation with the parties' 11-year-old daughter. Although Justice Gabel directed a hearing to determine custody and visitation rights, Justice Ostrau subsequently granted defendant's motion for a change in venue. The record reflects that the hearing was last scheduled to take place on January 11, 1985, in New York County. It apparently has not been rescheduled. In any event, defendant's factual allegations concerning interference with his visitation rights are conclusory, inconsistent, and palpably insufficient to warrant a hearing. *(Compare, Vigo v Vigo, supra, at p 464.)*

In view of key inadequacies and deficiencies in the record and conflicting evidence as to the financial status of the respective parties, we affirm the balance of Special Term's order with one exception. *(See, Biamby v Biamby,* 114 AD2d 830 [2d Dept 1985]; *Vigo v Vigo, supra* [error to grant attorney's fees in the absence of testimonial evidence of the financial status of the respective parties, filed net-worth statements, or an examination of plaintiff's ability to pay her attorney].) We also hold that the court erred in upwardly revising the amount payable for weekly support and maintenance pending trial since the provisions of the August 13, 1984 order are in full force and effect.

Settle order. Concur—Sandler, J. P., Carro, Milonas, Rosenberger and Ellerin, JJ.