■ MINA McEVOY, Respondent, v ANDREW T. McEVOY, Appellant.—In a matrimonial action in which the parties were divorced by a judgment dated December 10, 1982, the defendant husband appeals, (1) as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Beisner, J.), dated October 22, 1985, as (a) granted those branches of the plaintiff wife's motion which were for leave to enter a judgment for $2,600 in child support arrears and a judgment for the children's day camp tuition, to the extent of awarding a judgment for $1,480 for day camp tuition, and (b) denied that branch of his cross motion which was for downward modification of child support and a suspension of maintenance; (2) from an order of the same court, dated December 16, 1985, which (a) granted the plaintiff's motion to resettle that portion of the order dated October 22, 1985, which provided that the parties shall be equally responsible for the medical and dental expenses of their children, by providing that the parties shall be equally responsible for the medical and dental expenses until the wife procures an insurance policy to cover those expenses, at which time the husband shall reimburse the wife for the full cost of the premiums on that policy, and (b) denied the defendant's cross motion for reargument of his motion for downward modification of child support and suspension of maintenance, (3) a judgment of the same court, dated January 8, 1986, which is in favor of the plaintiff and against him in the principal amount of $2,600, representing child support ar-

rears, (4) a judgment of the same court, also dated January 8, 1986, which is in favor of the plaintiff and against him in the principal amount of $1,480, representing the children's day camp tuition, and (5) an order of the same court, dated January 13, 1986, which modified the parties' judgment of divorce to provide that the parties shall be equally responsible for the medical and dental expenses of their children until the wife procures an insurance policy to cover those expenses, at which time the husband shall reimburse the wife for the full costs of the premiums on that policy.

Ordered that the appeal from so much of the order dated October 22, 1985, as granted those branches of the plaintiff's motion which were for leave to enter a judgment for child support arrears and day camp tuition is dismissed, without costs or disbursements, as that portion of the order was superseded by the judgments, both dated January 8, 1986, with respect to child support arrears and day camp tuition; and it is further,

Ordered that so much of the order dated October 22, 1985, as denied that branch of the defendant's cross motion which was for a downward modification of child support and suspension of maintenance is reversed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a hearing on that branch of the cross motion limited to whether payments due after August 2, 1985, should be reduced or suspended based upon an alleged interference with visitation; and it is further,

Ordered that the appeal from so much of the order dated December 16, 1985, as granted the plaintiff's motion to resettle the parties' judgment of divorce, is dismissed, without costs or disbursements, as that portion of the order was superseded by the order dated January 13, 1986; and it is further,

Ordered that the appeal from so much of the order dated December 16, 1985, as denied the husband's cross motion for reargument is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgments dated January 8, 1986, are affirmed, without costs or disbursements; and it is further,

Ordered that the order dated January 13, 1986, is reversed, without costs or disbursements, so much of the order dated December 16, 1985 as granted the plaintiff's motion to resettle the judgment of divorce is vacated, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

The appeal from so much of the intermediate order dated October 22, 1986, as granted those branches of the plaintiff's motion which were for leave to enter judgments for child support arrears and day camp tuition must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgments thereon *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from those portions of the order are brought up for review and have been considered on the appeals from the judgments (CPLR 5501 [a] [1]).

The husband suspended support payments of $100 a week for one of his sons and did not seek a modification of his support obligations under the divorce judgment until the wife brought a motion for leave to enter a judgment for support arrears in August 1985. In the absence of a showing of good cause for the husband's failure to seek a modification prior to the accrual of the arrears, the court properly granted the wife a judgment for the arrears and other expenses due through August 2, 1985, when her motion was made *(see, Morris v Morris,* 118 AD2d 837; *Vigo v Vigo,* 97 AD2d 463; Domestic Relations Law § 244).

The husband sought a prospective downward modification of his child support obligations because one son attends boarding school with tuition, room and board paid by the county and local school district. The husband has failed to establish that this represents a substantial change in circumstances with a concomitant reduction in his son's needs *(see, e.g., Matter of Boden v Boden,* 42 NY2d 210). The key consideration must be the best interests of the child. The husband does not dispute that the placement of the child in this school was appropriate. In light of the wife's financial circumstances, we cannot accept the husband's claim that the child's attendance at this school at public expense obviates the wife's need for child support to maintain the home for weekend and holiday visits and to meet the child's other expenses, such as clothing and medical and dental care. Accordingly, the court properly denied the husband a downward modification of child support on that ground.

The husband also sought a downward modification of his child support and a suspension of maintenance obligations due to the wife's alleged interference, commencing in August 1985, with his visitation rights with two of his sons, one of whom was enrolled by the wife in an out-of-State boarding school for the 1985-1986 school year. Since the affidavits are conflicting as to the reasons for one son's refusal to visit with the

husband and as to whether it was necessary to send the other son to an out-of-State school, the court should have held a hearing (see, e.g., Vigo v Vigo, supra; Matter of Catherine W. v Robert F., 116 Misc 2d 377). The matter is remitted for a hearing limited solely to the issue of whether the husband is entitled to a modification of his support and maintenance obligations subsequent to August 2, 1985, due to the wife's alleged interference with his visitation rights.

Upon remittitur, the court should also hold a hearing with respect to the modification of the parties' judgment of divorce concerning the children's medical and dental expenses. The parties' conflicting interpretations of their agreement to modify that provision cannot be resolved on this record. Thompson, J. P., Bracken, Lawrence and Spatt, JJ., concur.