■ ROBERTA MALIN, Appellant, v SELWYN MALIN, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals from an order of the Supreme Court, Westchester County (Emanuelli, J.), dated February 23, 1990, which (1) granted the defendant husband's motion to vacate an income execution, and (2) denied the plaintiff wife's cross motion, *inter alia,* for an award of counsel fees, interest, and sanctions.

Ordered that the order is affirmed, without costs or disbursements.

The court properly vacated the income execution served on the husband's employer. When a debtor is in default, an execution for enforcement of a maintenance obligation may be issued against him *(see,* CPLR 5241 [b]). Where the execution has been issued, the debtor may assert a mistake of fact and shall have an opportunity to make a submission in support of the objection within 15 days after service of a copy thereof *(see,* CPLR 5241 [e]). " 'Mistake of fact' means any error in the amount of current support or arrears or in the identity of the debtor or that the order of support does not exist or has been vacated" (CPLR 5241 [a] [8]). This definition is not so rigidly applied as to preclude relief in circumstances where the debtor is innocent of any wrongdoing within the over-all contemplation of the statute *(see, Zuckerman v Zuckerman,* 154 AD2d 666).

The husband failed to make required payments to the wife, but maintains that, after the wife moved out of the marital residence, he did not receive notification from her as to where the payments should be sent. The husband refused to send the checks to the wife's attorney because she did not give him authorization to do so. However, the husband placed $6,500 in his attorneys' escrow account. Therefore, it is evident that he intended to make the payments but was unable to do so based on circumstances beyond his control.

Contrary to her contention, the wife is entitled to neither attorneys' fees nor interest on her support arrears since she failed to adduce any evidence that the husband's failure to pay was in willful disregard of the divorce judgment *(see,* Domestic Relations Law § 237 [c]; § 244; *Messina v Messina,* 143 AD2d 735, 737).

We have considered the wife's remaining contentions and find them to be without merit. Mangano, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.