■ STEPHANIE P. SINGER, Respondent, v BARRY H. SINGER, Appellant.—In a matrimonial action in which the parties were divorced by judgment dated October 16, 1980, the defendant husband appeals from a judgment of the Supreme Court,

Westchester County (Burrows, J.), dated June 5, 1990, which awarded the plaintiff wife alimony arrears in the amount of $17,150.

Ordered that the judgment is modified, on the law, by reducing the amount awarded from $17,150 to $8,900; as so modified, the judgment is affirmed, without costs or disbursements.

The parties were divorced in 1980, and the stipulation of settlement which was incorporated but not merged in the judgment of divorce required the defendant husband to pay alimony of $2,750 a month. In June 1989 the plaintiff wife moved to recover alimony arrears that had accrued since September 1988. The husband cross-moved in June 1989 for a downward modification of his alimony obligations. The husband then moved for essentially the same relief the following September. The court consolidated the motions and, by order entered February 2, 1990, *inter alia*, granted the wife leave to enter a judgment for the arrears that had accrued and granted the husband's cross motion to the extent of staying his alimony obligations and scheduling a hearing for February 5, 1990, on his request for a downward modification of his alimony obligations. The court granted the wife a judgment for $17,150, which represented alimony arrears from September 1988, through February 1, 1990. On appeal, the husband contends that the court erred in including in the judgment alimony arrears that accrued through February 1, 1990.

Pursuant to Domestic Relations Law § 244, the court was required to enter a judgment for the amount of arrears that had accrued at the time of the wife's motion in June 1989 since the husband did not show good cause for his failure to make an application for relief from the judgment prior to accrual of the arrears *(see, e.g., McEvoy v McEvoy,* 131 AD2d 547; *Penziner v Penziner,* 123 AD2d 674). However, the court erred in including in the judgment those arrears that accumulated after the husband cross-moved for a downward modification in view of its determination that a hearing was required *(see, e.g., McEvoy v McEvoy, supra)*. We have therefore modified the judgment to include only those arrears that accumulated between September 1, 1988, and June 1, 1989. We note that, since the wife served the required notice under Domestic Relations Law § 244-a, at the close of the hearing on the husband's motion for downward modification the court can award her any additional arrears that have accrued since June 1, 1989 *(see, Lancaster v Lancaster,* 141 AD2d 701). Sullivan, J. P., Eiber, O'Brien and Ritter, JJ., concur.