OPINION OF THE COURT
Thomas J. Murphy, J.
By order to show cause dated April 9, 1992, the plaintiff moves this court for an order punishing the debtor’s employer for contempt of court and fining it in the amount of $1,000, plus $1,000 for attorney’s fees on the grounds that the debtor’s employer has in all respects refused and willfully neglected to *716 comply with an income execution for support enforcement issued on October 30,1991.
On August 2, 1990, a judgment of divorce was entered in this court whereby the defendant was directed to pay plaintiff the sum of $375 per month for five years. Plaintiff alleges that since September 4, 1991, defendant has failed to make four payments as required by said judgment and since that date there are arrears of $330.95.
It appears that the defendant has retired and is receiving pension and retirement benefits from his former employer, the General Motors Corporation (GMC). An income execution was issued on October 30, 1991, pursuant to CPLR 5241 directing GMC to deduct from the amount payable to the debtor 55% of the debtor’s monthly income to be applied as follows: $330.95 to current support and after said arrears are paid in full, $375 representing monthly support payments.
On January 16, 1992, plaintiff’s attorney received correspondence from Met Life, on behalf of GMC, stating that they refused to comply with the income execution until an amended order was received in accordance with section 206 (d) (3) of ERISA (29 USC § 1056 [d] [3]) (otherwise known as the Employee Retirement Income Security Act of 1974) and section 414 (p) of the Internal Revenue Code (26 USC).
Certain correspondence was exchanged between the parties, and plaintiff’s attorney on February 27, 1992, received another refusal by the debtor’s employer to comply with the support order.
An affidavit has been submitted in opposition to plaintiff’s motion against GMC. GMC argues that defendant Harry M. Arnold retired from GMC and became a retiree under the GMC retirement program for salaried employees. At that point GMC states that whatever funds might be due and payable to defendant were governed by ERISA as amended. GMC argues that the provisions of ERISA supersede all State laws insofar as they relate to any employee benefit plan (29 USC § 1144).
The responding papers claim that the judgment of divorce dated August 1, 1990, and the income execution for support enforcement dated October 30, 1991, did not meet the criteria for a qualified domestic relations order (QDRO) under ERISA. On March 30, 1992, plaintiff obtained from this court an "Amended Domestic Relations Order”. That amended QDRO was accepted by GMC, which wrote to plaintiff’s attorney, *717 asking that the motion before this court be withdrawn, which plaintiffs attorney refused to do because there was no provision for arrearages.
GMC concludes that it has at all times been ready, willing, and able to comply with any order of judgment that qualifies as a QDRO under ERISA.
The issue before this court is whether or not CPLR 5241 applies to enforcement of a judgment directing maintenance from a husband’s pension or is maintenance only obtainable from a pension through the application of a qualified domestic relations order under ERISA.
It is generally held that garnishment or income execution of pension assets is prohibited except in family law matters through qualified domestic relations orders (ERISA § 206 [d] [1]). In 29 USC § 1056 (d) (1) it is stated that "[e]ach pension plan shall provide that benefits provided under the plan may not be assigned or alienated.”
Under the amendment of ERISA by the Retirement Equity Act of 1984 (PL 98-397), "the creation, assignment, or recognition of a right to any benefit payable to a participant under an order in a matrimonial action is subject to the prohibition against assignment or alienation, except where the order is a 'qualified domestic relations order’ (QDRO).” (11B Zett-Edmunds-Schwartz, NY Civ Prac ¶ 42.07 [1]; 29 USC § 1056 [d] [3].) The pre-emption clause of ERISA has been held to be "virtually unique” in its breadth and scope. (Franchise Tax Bd. v Laborers Vacation Trust, 463 US 1, 24, n 26; accord, Retail Shoe Health v Reminick, 62 NY2d 173.)
The income execution issued by the attorney for Arlein Mary Arnold against the pension of Harry W. Arnold was correctly disallowed by GMC and plaintiffs motion for contempt against GMC is denied.