■ CAROL NOLAN, Appellant, v FRANK NOLAN, Respondent. [600 NYS2d 266] —In a matrimonial action in which the parties were divorced by a judgment of the Supreme Court, Suffolk County (Geiler, J.), entered December 6, 1983, the plaintiff appeals from an order of the same court, dated March 15, 1991, which, *inter alia,* (1) denied that branch of her motion which was to modify the judgment of divorce "to authorize the United States Office of Personnel Management to make direct payment to [her] of her share of the [defendant's] retirement funds", and (2) declared that she is entitled to "1/3 of the [pension payment] amounts received by defendant, *i.e.,* the net amount".

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the issuance of a Qualified Domestic Relations Order which authorizes the United States Office of Personnel Management to make direct payment to the plaintiff of her share of the subject retirement funds, which is to equal one-third of the gross amount of the defendant's pension payments, minus any withholding for taxes which she must pay on that share, and for a hearing and determination of the amount of the defendant's arrears and for enforcement pursuant to Domestic Relations Law § 244 of her right thereto.

The parties were divorced pursuant to judgment entered December 6, 1983. A stipulation dated October 26, 1983, which the parties entered into in open court and in the presence of their then-respective counsel, was incorporated by reference into the divorce judgment. Pursuant thereto, the divorce judgment provided as follows: "ORDERED, ADJUDGED and DE-CREED that the defendant, Frank Nolan, shall pay to plaintiff, Carol Nolan, by check or money order, at her residence or at such other address as she may designate in writing thirty-three and one-third percent (33⅓%) of each and every pension payment to which said Frank Nolan becomes entitled upon said pension's reaching a pay status with the U.S. Postal Service, and said Frank Nolan shall in no way encumber or assign any pension receipts nor accept any lesser sum, nor defer payment of any sum to which he becomes entitled, and defendant shall in no way act in any manner so as to defeat or impair the rights of said Carol Nolan as aforesaid".

Subsequently, in July 1988 the defendant's United States Postal Service pension reached pay status. The defendant acknowledges that from July 1988 to August 1990 his gross pension payments have amounted to $40,548.94. The amount

which he actually received was significantly lower as, each month, Federal income taxes and life and health insurance premiums were deducted from the gross figure. In any event, the parties agree that over the same period, the defendant, commencing approximately 11 months after the defendant's pension reached pay status, made payments to the plaintiff in the total sum of $5,400.

The plaintiff has claimed that she is entitled to one-third of any gross amount to which the defendant becomes entitled under the subject pension. The defendant has countered by arguing that his payment obligation to the plaintiff is one-third of the amount which he actually receives from the pension administrator, after his income taxes, and his health and life insurance premiums, are deducted from the gross figure. The Supreme Court adopted the defendant's interpretation of the divorce judgment and, accordingly, construed the phrase "thirty-three and one-third percent (33⅓%) of each and every pension payment to which FRANK NOLAN becomes entitled" as meaning that the plaintiff is entitled to one-third "of the amounts received by defendant, i.e., the net amount". We agree with the plaintiff's position and find that the Supreme Court's interpretation of the divorce judgment runs contrary to precedential authority.

Indeed, a survey of relevant authority evinces that where a divorce judgment fails to provide for the payment of taxes in its distribution of pension rights, the nonemployee's share consists of the predetermined percentage, less taxes (see, e.g., Dawson v Dawson, 152 AD2d 717, 719-720; Sinclair v Sinclair, 136 AD2d 694, 695; see generally, Tereszkiewicz v Tereszkiewicz, 128 AD2d 605, 606). There is no precedent for similarly deducting any health or life insurance premiums for the employee spouse. Absent a concomitant enjoyment of such benefits, any such deduction from the share of the nonemployee spouse engenders a fundamentally inequitable result. Accordingly, we conclude that the plaintiff is entitled to one-third of the gross amount of the pension and each party is responsible for paying the taxes on his or her respective share.

In order to effect the rights of the parties in the most efficient and judicially economical fashion, we further conclude that a Qualified Domestic Relations Order should be issued by the Supreme Court so as to permit the United States Office of Personnel Management to make direct payments to the plaintiff (see, 26 USC § 414 [p]; 29 USC § 1056 [d]).

In light of the arrears in the defendant's payments to the

plaintiff, we remit the matter to the Supreme Court, Suffolk County, for a hearing and determination of the amount of the defendant's arrears and enforcement of the plaintiff's right thereto pursuant to Domestic Relations Law § 244. Rosenblatt, J. P., Copertino, Pizzuto and Joy, JJ., concur.