■ CHRISOULA KEEGAN, Appellant, v EDWARD KEEGAN, Re-

spondent. [612 NYS2d 187] —In a matrimonial action in which the parties were divorced by judgment entered August 25, 1980, the plaintiff former wife appeals from an order of the Supreme Court, Suffolk County (Prudenti, J.), dated June 17, 1992, which (1) denied her motion, *inter alia,* for an income deduction order pursuant to CPLR 5242 which complied with the requirements of 29 USC § 1056 (d) for a Qualified Domestic Relations Order and (2) granted the defendant former husband's cross motion to vacate an income execution pursuant to CPLR 5241.

Ordered that the order is reversed, on the law, with costs, the former husband's cross motion is denied, the income execution pursuant to CPLR 5241 is reinstated, the former wife's motion is granted, and the matter is remitted to the Supreme Court, Suffolk County for the issuance of an income deduction order which complies with the requirements of 29 USC § 1056 (d).

After the former husband defaulted on his maintenance and child support obligations, the former wife served his pension plan with an income execution pursuant to CPLR 5241. The pension plan informed the wife that it could not pay a portion of the former husband's pension benefits to her without a Qualified Domestic Relations Order (hereinafter QDRO) as that term is defined by the Employee Retirement Income Security Act (ERISA; 29 USC § 1056 [d]). The wife made a motion for an income deduction order pursuant to CPLR 5242 which could qualify as a QDRO under ERISA. The husband cross-moved, *inter alia,* for an order vacating the income execution under CPLR 5241. The Supreme Court denied the former wife's motion and granted the former husband's cross motion on the grounds that CPLR 5241 and 5242 would not support the issuance of a QDRO.

The documentary proof before the court established that when the former wife served the former husband with an income execution on February 19, 1992, the former husband was more than three payments in arrears. Since the former husband failed to proffer any evidence of mistake of fact as defined in CPLR 5241 (a) (8), the Supreme Court should not have vacated the income execution. Further, based on the evidence of the former husband's default and his failure to show that his inability to pay the support owed was due to circumstances beyond his control, the former wife's motion for an income deduction order should have been granted *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY,

Book 7B, CPLR 5242, 1994 Pocket Part, at 153; *see also, Malin v Malin,* 172 AD2d 723; *Weiss v Weiss,* 173 AD2d 698; *Blackman v Blackman,* 131 AD2d 801, 805). The Supreme Court erred when it ruled that CPLR 5241 and 5242 would not support the issuance of a QDRO *(see, Arnold v Arnold,* 154 Misc 2d 715; 29 USC § 1056 [d]; *see also, Nolan v Nolan,* 195 AD2d 503). Mangano, P. J., Thompson, Joy and Friedmann, JJ., concur.