■ LINDA COHN, Respondent, v WILLIAM COHN, Appellant. [617 NYS2d 902] —In an action for a divorce and ancillary relief, the defendant husband appeals (1) from stated portions of an order of the Supreme Court, Nassau County (Brucia, J.), entered January 6, 1993, which, *inter alia,* granted the plaintiff wife's application for a judgment for maintenance arrears in the amount of $22,546.63, and (2) as limited by his brief, from so much of an order of the same court, entered January 3, 1994, as (a) denied his motion to vacate income executions, and (b) awarded the plaintiff expert fees for the appraisal of real property in the amount of $40,000.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

In February 1991 the plaintiff was awarded maintenance pendente lite in the amount of $6,250 a month, and, in May 1992 she sought a judgment for arrears that had accumulated primarily in the preceding eight months. The defendant moved for a downward modification of maintenance in June 1992. We agree with the court's determination that the defendant did not establish good cause for his failure to apply for relief from the order prior to accumulation of these arrears. Consequently, the court was required to enter a judgment for the amount of the arrears *(see, Singer v Singer,* 180 AD2d 725; *Kutanovski v Kutanovski,* 162 AD2d 662; *Vigo v Vigo,* 97 AD2d 463; Domestic Relations Law § 236 [B] [9] [b]; § 244).

The plaintiff caused six income execution orders to be served pursuant to CPLR 5241 in August 1993 on real estate partnerships and corporations from which the defendant allegedly received income. The proof before the Supreme Court established that, when the plaintiff served the income execution orders, the defendant was more than three payments in arrears. Since the defendant failed to offer evidence of mistake of fact as defined in CPLR 5241 (a) (8), the Supreme Court properly denied his motion to vacate the income executions (see, *Weiss v Weiss*, 173 AD2d 698; *Blackman v Blackman*, 131 AD2d 801). Contrary to the defendant's contention, our decision in *Singer v Singer (supra)*, does not preclude the plaintiff from seeking to enforce the support order while a hearing on his request for a downward modification of support is pending.

Finally, we find that the award to the plaintiff of funds to retain experts for the appraisal of real property was warranted (see, *Kaye v Kaye*, 102 AD2d 682; *Ahern v Ahern*, 94 AD2d 53). O'Brien, J. P., Pizzuto, Altman and Krausman, JJ., concur.