■ In the Matter of ALBERT STOVER, Appellant, v LAURA GOEGEL, Respondent. [624 NYS2d 51] —In a special proceeding pursuant to CPLR 5241 to vacate an income execution served by the petitioner's former wife, the petitioner appeals from an order of the Supreme Court, Suffolk County (McInerney, J.), dated December 1, 1993, which denied his application.

Ordered that the order is affirmed, with costs.

The petitioner sought to vacate an income execution served by his former wife for support payment arrears alleging that it was issued based on "a mistake of fact" *(see,* CPLR 5241 [e]). Critical to his arguments on appeal is his assertion that the divorce decree underlying the income execution was modified by the Family Court, Queens County to decrease his alimony obligation and that he had met the obligation as modified. However, although the modification of a divorce decree is a valid basis upon which to challenge an income execution *(see, Malin v Malin,* 172 AD2d 723; *Zuckerman v Zuckerman,* 154 AD2d 666), the petitioner's argument suffers from a fundamental flaw.

A challenge to the issuance of an income execution is a special proceeding that, absent an issue of fact, may be decided summarily *(see,* CPLR 5241 [e]; *Matter of Bahar v Schwartzreich,* 204 AD2d 441; *Matter of Jones v Marcy,* 135

AD2d 887). The burden of proof is on the petitioner *(see, Keegan v Keegan,* 204 AD2d 606; *Blackman v Blackman,* 131 AD2d 801; *Matter of Jones v Marcy, supra).* Here, the only proof offered by the petitioner was the hearsay affirmation of his attorney. Indeed, a properly authenticated copy of the alleged order of modification was never proffered, despite the fact that its existence and effect was disputed. Accordingly, the issue is whether there has been a failure of proof *(see, Wagner v Derecktor,* 306 NY 386; *Hunter v New York, Ontario & W. R. R. Co.,* 116 NY 615; 57 NY Jur 2d, Evidence and Witnesses, § 16). We agree with the Supreme Court that the petitioner has failed to meet his most basic evidentiary burden of proving the existence of the modification order. Thus, the court did not err by deciding the proceeding summarily against him.

We have examined the petitioner's remaining contentions and find them to be without merit. Balletta, J. P., O'Brien, Thompson and Ritter, JJ., concur.