■ LONY WITTICH, Respondent, v ROLF W. WITTICH, Appellant. [633 NYS2d 784] —Order, Supreme Court, New York County (David Saxe, J.), entered October 26, 1994, which granted plaintiff's motion to hold defendant in contempt for failure to pay support as directed in the court's pendente lite order of May 27, 1994 and for a money judgment, including counsel fees, to the extent of, *inter alia*, awarding a judgment of arrears in the sum of $57,000 and counsel fees in the amount of $3,000, unanimously affirmed, with costs.

Service of the order to show cause was properly effected upon defendant. The term "personal service" is not limited to personal delivery on the person to be served (*Matter of Reilly v Scaringe*, 133 AD2d 900, 901, *lv denied* 70 NY2d 609).

The IAS Court properly determined that defendant was in arrears. A hearing was not necessary concerning defendant's supposed right to credits (*see, Adler v Adler*, 203 AD2d 81). Domestic Relations Law § 244 mandates a court to enter a money judgment against a spouse who "defaults in paying any sum of money as required by the judgment or order" except where "the defaulting party shows good cause for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears". This provision "has divested the court of discretion in deciding whether to enter judgment on a motion for support arrearages" (*Hacker v*

*Hacker,* 119 AD2d 441). Defendant never requested any modification of the temporary award, previously affirmed by this Court (210 AD2d 138), nor did he ask to offset the amount of his financial obligations to plaintiff.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Sullivan, Wallach, Ross and Williams, JJ.