■ DIANE M. KRISTIANSEN, Plaintiff, v ERLING C. KRISTIANSEN, Respondent. ARNOLD DAVIS, Nonparty Appellant. [654 NYS2d 626] —In a matrimonial action in which the parties were divorced by judgment dated August 27, 1992, the appeal is from an order of the Supreme Court, Suffolk County (Kitson, J.), dated January 4, 1995, which denied the application of Arnold Davis for leave to enter a money judgment against the defendant former husband in the sum of $50,000.

■ DIANE M. KRISTIANSEN, Appellant, v ERLING C. KRISTIANSEN, Respondent. [654 NYS2d 625] —In a matrimonial action in which the parties were divorced by judgment dated August 27, 1992, the plaintiff former wife appeals from so much of (1) an order of the Supreme Court, Suffolk County (Kitson, J.), dated September 20, 1994, as upon granting that branch of her motion which was for leave to enter a money judgment, directed entry of a judgment which included only $31,500 as counsel fees to her attorney, (2) an order of the same court dated January 4, 1995, as, in effect, upon granting reargument of that branch of her prior motion which was for leave to enter a money judgment for counsel fees, adhered to its original determination in the order dated September 20, 1994, and (3) an order of the same court dated May 7, 1996, as denied the plaintiff's application for counsel fees for services rendered in connection with proceedings to enforce a counterjudgment dated April 20, 1993.

Ordered that the appeal from the order dated September 20, 1994, is dismissed, without costs or disbursements, as it was superseded by the order dated January 4, 1995, made upon reargument; and it is further,

Ordered that the order dated January 4, 1995, is reversed

insofar as appealed from, on the facts, without costs or disbursements, so much of the order dated September 20, 1994, as directed entry of a money judgment which included only $31,500 in legal fees to the appellant's counsel is vacated, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith; and it is further,

Ordered that the order dated May 7, 1996, is affirmed, without costs or disbursements.

On April 20, 1993, a postdivorce counterjudgment (hereinafter the counterjudgment) drafted by the former husband's attorney, was entered by the Supreme Court, Suffolk County, providing, *inter alia,* for the equitable distribution of various properties, a distributive award to be paid to the former wife in equal monthly installments, and an award of counsel fees in the amount of $50,000 payable directly to the former wife's attorney. The counterjudgment also contained language, which was stricken by the Supreme Court, regarding an $18,500 credit against the counsel fees.

In an order dated September 20, 1994, the Supreme Court granted the former wife's application for enforcement of certain provisions of the counterjudgment and found that the former husband was obligated to pay counsel fees in the amount of $31,500. Thereafter, the Supreme Court, in an order dated January 4, 1995, in effect, granted the former wife's motion for reargument but adhered to its determination to award the former wife counsel fees of $31,500. In a separate order also dated January 4, 1995, the Supreme Court denied the application of the former wife's attorney for entry of a money judgment in his favor against the former husband for counsel fees in the amount of $50,000, noting that the court had previously awarded the former wife a money judgment which included counsel fees in the sum of $31,500 (*see, Kristiansen v Kristiansen,* 236 AD2d 521 [decided herewith]).

There is some evidence in the record that the former wife's attorney has received $18,500, consisting of interim counsel fees of $3,500, which were awarded to the former wife by the trial court, and $15,000 paid to him by the former wife from a partial distribution made to her by the trial court out of the proceeds of the sale of the marital premises. Thus, it appears from the record that the former wife's attorney may only be owed $31,500 but that the former wife may be entitled to reimbursement from the former husband for the $15,000 she advanced to her attorney. Accordingly, the Supreme Court erred by, in effect, limiting the former wife's counsel fees award to $31,500, and the matter is remitted to the Supreme Court

for a determination regarding the balance owed by the former husband to the former wife for these counsel fees.

In an order dated May 7, 1996, the Supreme Court declined to grant an award of counsel fees in connection with the prosecution of two motions to enforce the counterjudgment brought by the former wife. Contrary to her contentions, the Supreme Court properly denied her counsel fees pursuant to Domestic Relations Law § 238 in the absence of any information regarding her ability to pay her attorney. In addition, the former wife was not entitled to counsel fees pursuant to Domestic Relations Law § 237 (c) because she failed to adduce any evidence that the former husband's failure to pay was in willful disregard of the counterjudgment (see, Markhoff v Markhoff, 225 AD2d 1000; Malin v Malin, 172 AD2d 723, 724; Messina v Messina, 143 AD2d 735, 737).

We have considered the former wife's remaining contentions and find them to be without merit. Rosenblatt, J. P., Sullivan, Altman and Goldstein, JJ., concur.