■ In the Matter of HOWARD EISENSTADT, Respondent, v DEBBIE EISENSTADT, Appellant. [717 NYS2d 200] —In a proceeding pursuant to CPLR 5241 to vacate an income execution, the appeal is from so much of an order of the Supreme Court, Nassau County (Marano, J.), dated October 1, 1999, as, upon granting the petition, in effect, canceled the support arrears owed by the petitioner.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the support arrears owed to the appellant are reinstated.

When the husband failed to pay support arrears in accordance with an order of the Supreme Court, Nassau County, dated June 17, 1999, the wife served an income execution on him and his employer (*see,* CPLR 5241). The husband then brought this proceeding pursuant to CPLR 5241 to vacate the income execution based upon a "mistake of fact" (CPLR 5241 [a] [8]), claiming that he should be credited for paying the mortgage and carrying charges on the marital home during the pendente lite period in which the arrears accrued. The Supreme Court granted the petition and vacated the income execution. Additionally, the Supreme Court determined that no arrears were due to the wife, and, in effect, canceled arrears.

We agree with the wife's contention that the issue of the amount and propriety of the arrears allegedly owed by the husband is beyond the scope of this proceeding pursuant to CPLR 5241 to vacate an income execution (*see, Matter of Caruso v Huguenin,* 217 AD2d 622; *McGowan v McGowan,* 191 AD2d 618; *Wikso v Wikso,* 164 AD2d 975). The husband failed to sustain his burden of presenting evidence of mistake of fact as defined by CPLR 5241 (a) (8) (*see, Matter of Stover v Goegel,* 213 AD2d 554; *Cohn v Cohn,* 208 AD2d 885). Although in some cases, arrears may be offset by other pendente lite payments, such a determination must be made by a court, not by one of

the parties. Furthermore, by summarily cancelling arrears which were determined by another Supreme Court Justice, the Supreme Court, in effect, improperly overruled a court of coordinate jurisdiction (*see, People v Evans,* 94 NY2d 499; *Matter of Dondi v Jones,* 40 NY2d 8).

We note that the wife consented to the vacatur of the income execution, apparently on the ground of improper service, and does not appeal from that portion of the court's order. Bracken, J. P., Ritter, Friedmann and Florio, JJ., concur.