■ RENEE SUSAN SCHACKER, Respondent, v MARTIN FARRELL SCHACKER, Appellant. [841 NYS2d 695]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Suffolk County (Pines, J.), dated November 7, 2005, as granted those branches of the plaintiff's motion which were for leave to enter money judgments in the total sum of $114,523.30 plus statutory interest from September 13, 2002, representing arrears of child support, maintenance, and

unreimbursed medical expenses under the parties' separation agreement, (2) an order of the same court dated February 16, 2006, as denied those branches of his motion which were pursuant to CPLR 5015 (a) (1) and, in effect, CPLR 3012 (d) to vacate his default in appearing or answering the complaint and to extend his time to serve an answer, and (3) an order of the same court (MacKenzie, J.), dated March 3, 2006, as granted that branch of the plaintiff's motion which was for an award of counsel fees in the sum of $5,215.

Ordered that the order dated November 7, 2005 is modified, on the law, by deleting the provision thereof granting those branches of the defendant's motion which were for leave to enter money judgments in the total sum of $114,523.30 plus statutory interest from September 13, 2002, representing arrears of child support, maintenance, and unreimbursed medical expenses under the parties' separation agreement and substituting therefor a provision granting those branches of the plaintiff's motion which were for leave to enter money judgments in the total sum of only $104,500, representing arrears of child support and maintenance; as so modified, the order dated November 7, 2005, is affirmed insofar as appealed from; and it is further,

Ordered that the orders dated February 16, 2006 and March 3, 2006, are affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court should have denied, for lack of evidence, that branch of the plaintiff's motion which was for leave to enter a money judgment for arrears of unreimbursed medical expenses (*see Shanon v Patterson,* 38 AD3d 519 [2007]; *Matter of Mayer v Strait,* 251 AD2d 713, 715 [1998]).

While the issue of prejudgment interest was not raised by the parties, this Court may consider it sua sponte (*see Matter of Ungar v Matarazzo Blumberg & Assoc.,* 260 AD2d 485, 486 [1999]; *Muscarella v Muscarella,* 93 AD2d 993 [1983]). Although Domestic Relations Law § 244 permits the court to award interest computed from the date on which each maintenance payment was due, that statute applies to defaults in paying any sum of money as required by the terms of an agreement or stipulation "incorporated by reference in a judgment," which is not the case here. Moreover, there was insufficient evidence that the "default was willful, in that the obligated spouse knowingly, consciously and voluntarily disregarded the obligation under a lawful court order" (Domestic Relations Law § 244; *see Maser v Maser,* 226 AD2d 684, 686 [1996]; *Malin v Malin,* 172 AD2d 723 [1991]).

The defendant's remaining contentions are either without merit or unpreserved for appellate review. Schmidt, J.P., Santucci, Skelos and Balkin, JJ., concur.