Neumann v Hercz (2018 NY Slip Op 07738)





Neumann v Hercz


2018 NY Slip Op 07738


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2016-00212
 (Index No. 200591/10)

[*1]Neal Neumann, appellant, 
v
Zamira Hercz, respondent.


Storch Law, P.C., Brooklyn, NY (Zvi A. Storch and Binyomin Z. Bendet of counsel), for appellant.
Richman & Levine, P.C., Garden City, NY (Keith H. Richman of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Nassau County (Marie F. McCormack, Ct. Atty. Ref.), dated November 24, 2015. The order denied the husband's motion pursuant to CPLR 5241 to vacate an income withholding order.
ORDERED that the order is affirmed, with costs.
An income withholding order (hereinafter IWO) was issued after the plainitff failed to comply with the terms of an order dated May 19, 2015, which directed him to pay child support and maintenance to the defendant. The plaintiff thereupon moved pursuant to CPLR 5241 to vacate the IWO, alleging that the IWO was invalid as it was not properly served and contained mistakes of fact. The Supreme Court denied the motion, and the defendant appeals.
While the IWO was served simultaneously on the plaintiff and his employer, in violation of the notice provision of CPLR 5241(c)(1)(iv), the plaintiff's due process rights were not violated by this error (see Tirrito v Tirrito , 191 AD2d 686, 687). The plaintiff had the opportunity to allege a mistake of fact within 15 days of being served with the IWO, which he did. However, he failed to sustain his burden of presenting evidence of a mistake of fact as defined by CPLR 5241(a)(8) (see Matter of Eisenstadt v Eisenstadt , 277 AD2d 378; Matter of Stover v Goegel , 213 AD2d 554; Keegan v Keegan , 204 AD2d 606). The plaintiff does not allege a mistake in the amount of current support or maintenance set forth in the IWO. In his affidavit in support of his motion, the plaintiff acknowledged that he did not pay the total amount owed pursuant to the May 19, 2015, order, and that he was $12,900 in arrears on that order. This admission negated the possibility that the IWO was in error with respect to the amount of current support and maintenance owed (see Tirrito v Tirrito, 191 AD2d at 687). Accordingly, we agree with the Supreme Court's determination to deny the plaintiff's motion to vacate the IWO.
RIVERA, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court